[No. 19070.   Department Two. — February 18, 1893.]

HENRY S. SCARF, BY HIS GUARDIAN AD LITEM, W. L. G. SOULE, RESPONDENT, v. J. B. ALDRICH, APPELLANT.

GUARDIAN AND WARD — SALE OF WARD'S REALTY — PROCEEDING IN REM — JURISDICTION OF WARD — COLLATERAL ATTACK — PUBLICATION OF IRREGULAR ORDER TO SHOW CAUSE. — A proceeding by a guardian for the sale of the ward's estate is not adverse to the ward, but is a proceeding *in rem* carried on by the ward, and for his benefit, of which the statute requires no notice to be served upon the ward. The presentation of the petition brings the ward into court, and gives the court jurisdiction to order a sale of his estate, which the ward cannot afterwards collaterally question, although the order to show cause, as published, irregularly fixed the hearing at an earlier date than that allowed by the statute.

ID. — DEFECTIVE DESCRIPTION OF REALTY TO BE SOLD — SALE BY CORRECT DESCRIPTION — JURISDICTION. — The fact that the petition of the guardian for the sale of the ward's estate, and the order to show cause, contained a defective description of the real estate sought to be sold, did not affect the jurisdiction of the court to order a sale, or the validity of the sale by the correct description.

ID. — GUARDIAN'S DEED — DIVESTITURE OF WARD'S TITLE — CONFIRMATION OF SALE. — The title of a ward to real estate, sold under an order of sale, upon a petition therefor by his guardian, is divested by the guardian's deed, and not by the confirmation of the sale by the court.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Willis, Cole & Craig,* for Appellant.

The petition to sell the ward's property was in all respects sufficient, and the court acquired full jurisdiction to make all necessary orders subsequent thereto. (Hittell's Code Civ. Proc., secs. 11537, 11539; Deering's Code Civ. Proc., secs. 1537, 1781; *Fitch* v. *Miller,* 20 Cal. 382, 384; *Smith* v. *Biscailuz,* 83 Cal. 344, 352; Freeman on Void Judicial Sales, secs. 13–15.) Before the court could make any orders, it had to be satisfied of a necessity of the sale, and of the consent, at least, of all the parties to the sale. This consent itself would obviate any necessity of publication, and any defects in the publica-

cation, if then existing, could be supplied to the satisfaction of the court. (*Smith* v. *Biscailuz*, 83 Cal. 357.) The decree of confirmation and the proceedings thereunder, and the deed of the guardian, cannot be collaterally attacked. (*Dennis* v. *Winter*, 63 Cal. 16; *Smith* v. *Biscailuz*, 83 Cal. 344; Freeman on Void Judicial Sales, secs. 43, 44.)

*Elmer E. Rowell*, and *C. W. C. Rowell*, for Respondent.

The authority of a guardian to sell the real estate of his infant ward is derived solely from statute (*Taylor* v. *Phillips*, 2 Ves. 23; *Rogers* v. *Dill*, 6 Hill, 415; *Jenkins* v. *Fahey*, 11 Hun, 351; *Horton* v. *McCoy*, 47 N. Y. 21–26; *Faulkner* v. *Davis*, 18 Gratt. 651; 98 Am. Dec. 698); and the provision of the statute authorizing the sale of the real estate of infants must be strictly complied with. (*Woodcock* v. *Bowman*, 4 Met. (Ky.) 40; *Shanks* v. *Seamonds*, 24 Iowa, 131; 92 Am. Dec. 465; *Pendleton* v. *Trueblood*, 3 Jones, 96; *Jenkins* v. *Fahey*, 11 Hun, 351.) The order to show cause is void, as it fixed the return day at a period five days shorter than the shortest time allowed by the statute. (Freeman on Void Judicial Sales, secs. 5, 16, 18, 19; *Halleck* v. *Moss*, 17 Cal. 339; *Stilwell* v. *Swarthout*, 81 N. Y. 109; *Haws* v. *Clark*, 37 Iowa, 356; *Townsend* v. *Tallant*, 33 Cal. 45, 51; 91 Am. Dec. 617.) As there could be no order of sale without an order to show cause, the order of sale was also void. (*De la Montagnie* v. *Union Ins. Co.*, 42 Cal. 292; *Kendall* v. *Miller*, 9 Cal. 592.) As the order of sale was void, the court had no power to confirm it, and the decree of confirmation of the attempted sale is not therefore conclusive. (*Townsend* v. *Tallant*, 33 Cal. 54; 91 Am. Dec. 617.) The petition in this case is fatally defective in not containing any description of the property which the guardian desired to sell. (*Wilson* v. *Hastings*, 66 Cal. 244; *Estate of Boland*, 55 Cal. 315; *Smith* v. *Biscailuz*, 83 Cal. 344.) A petition for the sale of real estate of an heir or ward is hostile to them, and the court must have jurisdiction of the person, as well

as of the subject-matter, in the manner provided by statute, or the sale will be void. (*Schneider* v. *McFarland*, 2 N. Y. 459.) As the attempted sale is absolutely void, it may be attacked, at any time, in any proceeding. (*Townsend* v. *Tallant*, 33 Cal. 50; 91 Am. Dec. 617; Freeman on Void Judicial Sales, sec. 2; *Kertchem* v. *George*, 78 Cal. 598.)

HAYNES, C. — This action is to quiet title, and involves the validity of a sale of the premises in question by the guardian of the plaintiff to the defendant.

The complaint is in the usual form, alleging ownership in fee, that plaintiff is entitled to the possession, that defendant claims an interest adversely to the plaintiff, and that such claim is without right.

Findings and judgment passed for the plaintiff, and defendant appeals from the judgment upon the judgment roll, and a bill of· exceptions setting out the evidence.

Elizabeth Wagner, the guardian of the plaintiff, filed a petition in the probate court on November 20, 1879, praying for an order to sell the premises in controversy. This petition set out facts showing the necessity for the sale of the premises, which consisted of a part of a lot in the city of San Bernardino, and no question is made as to its sufficiency, except as to the description of the premises sought to be sold.

Upon this petition the court, on the same day, made an order requiring all persons interested to show cause before the court, on the thirteenth day of December, 1879, why an order of sale should not be granted; and no objection ·having been made, an order of sale was granted on the day last named.

The premises were subsequently sold to the defendant under this order, and the sale was confirmed March 5, 1880, and on the next day the guardian executed and delivered to the defendant a deed of conveyance therefor.

The respondent's principal contention is, that the or-

der to show cause did not conform to the statute; that, therefore, the court did not acquire jurisdiction, and that all subsequent proceedings were void, and did not divest the title of the plaintiff.

Section 1782 of the Code of Civil Procedure then provided (as it does now) that the time fixed in the order for the hearing should not be "less than four nor more than eight weeks from the time of making such order to show cause why an order should not be granted for the sale of such estate."

Sections 1783 and 1784 of the Code of Civil Procedure as they then existed were as follows:—

"Sec. 1783.   A copy of the order must be personally served on the next of kin of the ward, and on all persons interested in the estate, at least fourteen days before the hearing of the petition, or must be published at least three successive weeks in a newspaper printed in the county, or if there be none printed in the county, then in such newspaper as may be specified by the court or judge in the order.   If written consent to making the order of sale is subscribed by all persons interested therein, and the next of kin, notice need not be served or published.

"Sec. 1784.   The probate court, at the time and place appointed in the order, or such other time to which the hearing is postponed, upon proof of the service or publication of the order, must hear and examine the proofs and allegations of the petitioner, and of the next of kin, and of all other persons interested in the estate who oppose the application."

This order was published four times, the first publication on November 21st, and the last December 12th. The statute requiring three weeks' publication was therefore complied with.

From the date of the order to and including the day of hearing, there was but twenty-three days, whilst there should have been not less than four weeks, or twenty-eight days, and for that reason respondent contends that

the order was void, and that the court acquired no jurisdiction.

That the order was erroneous is evident; but the sole question is, whether the court had jurisdiction to order the sale; for whatever errors may have occurred in the proceedings, if the court acquired jurisdiction the sale of the real estate was not void, and the title passed to the purchaser.

It is contended by respondent that proceedings by a guardian for the sale of the ward's estate are adverse to the ward; that the order to show cause is in the nature of a summons; and that a substantial compliance with the statute is a prerequisite for obtaining authority to proceed.

Respondent's principal error lies in the first part of his contention, viz., that the proceedings are adverse to the ward; for in fact the proceedings are by the ward and for his benefit.

Our statute does not require that notice shall be given to or served upon the ward, thus emphasizing what is apparent from the nature and object of the proceeding, and clearly distinguishing it from a proceeding by an administrator to sell the real estate of the intestate to pay debts, which is clearly adverse to the heir, and therefore a valid and sufficient notice to the heir is essential to give the court jurisdiction over him as a party to the proceeding. But in the case of guardians' sales, the minor is in court by the filing of the petition, and submits his property to the jurisdiction and order of the court. An order for the sale of the property is not an order against or adverse to the minor, but is a granting of his request. It is not a judgment *in personam,* but operates only on the property, and is therefore *in rem.*

In the case of *Gager* v. *Henry,* 5 Saw. 243, the order to show cause was directed to be published "for four successive weeks," while the proof of publication showed that it was only published three weeks. The court said: "This, at least, is a serious irregularity; and if the jurisdiction of the court did not attach upon the filing of

the petition, but until due service of the prescribed no-
tice of the time and place of the hearing on the petition,
the subsequent proceeding would probably be void.
. . . . But the better opinion seems to be, that the pro-
ceeding by a guardian to obtain a license to sell his
ward's land is not one between adverse parties, and of
which the court does not acquire jurisdiction until due
service is made of the notice of application, but rather
a proceeding *in rem* carried on by and in the interest of
the ward through his legal representative, — his guar-
dian." That court, after citing several authorities, and
among them *Fitch* v. *Miller,* 20 Cal. 381, concluded that
the county court had acquired jurisdiction by the pres-
entation of the petition and therefore its judgment
could not be questioned collaterally on account of any
errors committed in the course of its subsequent pro-
ceedings.

In *Mohr* v. *Manierre,* 101 U. S. 418, a case originating
in the state of Wisconsin, the guardian of a lunatic pe-
titioned for the sale of his ward's property to pay debts.
The order to show cause why the application should not
be granted was required to be published at least four
successive weeks. The order was not published for the
full time. The order of sale was granted, and the prop-
erty sold. After the recovery of the lunatic, he brought
a suit in ejectment to recover the land. The supreme
court held, — " 1. That the publication of the notice of
the hearing is only intended for the protection of par-
ties having adversary interests in the property, and is
not essential to the jurisdiction of the court; 2. That
so far as the rights of the lunatic are concerned, the
jurisdiction of the court attached upon filing the guar-
dian's petition setting forth the facts required by the
statute; 3. That, as against the lunatic, a license to sell
is not rendered invalid by reason of an insufficient pub-
lication of notice of the hearing." (See *syllabus.*)

In another case, where property of a minor had been
sold by guardian, the same court said: " In this form of
proceeding, the guardian sufficiently and fully repre-

sented the infants, and no notice to them was required
by the statute of Maryland, or by any general rule of
law." (*Thaw* v. *Ritchie*, 136 U. S. 348. See also *Fitz-
gibbon* v. *Lake*, 29 Ill. 176; 81 Am. Dec. 302; *Mulford* v.
*Beveridge*, 78 Ill. 458; *Mohr* v. *Porter*, 51 Wis. 487.)

Respondent's citations from Freeman on Void Judicial
Sales all refer to "proceedings in probate to obtain a
sale of real estate as an independent adversary proceed-
ing *in personam*"; but in the latter part of section 15
the author seems to concur in the views we have en-
deavored to express, and cites *Mohr* v. *Manierre*, 101
U. S. 418, and other cases.

*Haws* v. *Clark*, 37 Iowa, 356, cited by respondent, is
not applicable. There the statute required notice to be
served upon the minor, an l to be returned and heard
upon a regular term day. It was clearly in the power
of the legislature to limit the exercise of jurisdiction by
the court to a day in the regular term; and as to ser-
vice of the notice upon the minor, the case can have no
application here, as our statute does not require such
notice.

*Kendall* v. *Miller*, 9 Cal. 592, and *De la Montagnie* v.
*Union Ins. Co.*, 42 Cal. 292, were cases of the sale of per-
sonal property without any order of court. *Halleck* v.
*Moss*, 17 Cal. 340, was a sale by executors upon insuffi-
cient notice. *Stillwell* v. *Swarthout*, 81 N. Y. 109, was
an action by creditors of an estate against the adminis-
trators and heirs, and involved a question as to the
validity of a sale of real estate by the administrators.
The inapplicability of the foregoing cases cited by re-
spondent is clear. The case of *Townsend* v. *Tallant*, 33
Cal. 45, 91 Am. Dec. 617, cited by respondent several
times, is not in point. That was an action in ejectment
by a minor, by his guardian *ad litem*, to recover real
estate. But in that case the land had been sold by the
administrator to pay debts. Schellenberger was the
general guardian of the infant as well as administrator
of the estate. Section 159 of the Probate Act required
a copy of the order to be served on the general guardian.

It was contended that as Schellenberger was the petitioner and also the guardian, that he, as guardian, had notice. But it was held that Schellenberger could not represent both sides; that the minor had no guardian *quoad* the petition; and that, therefore, the knowledge of the guardian was not equivalent to the notice required, the proceeding being hostile to the minor as heir of the estate. The question we are considering was not before the court in that case, and was not decided, but the reasoning of the court is entirely consistent with the view we have taken of the case at bar.

The petition of the guardian for the sale of these premises alleged that the property was unproductive, by reason of being in bad repair; that it was the only property of any character belonging to the minor; that there was no fund out of which the property could be put in repair, or to pay the taxes thereon; that it would be sold for taxes, unless sooner converted into money; that the minor was then but seven years of age; and that a sale was necessary to provide him with the common necessaries of life.

These facts are nowhere contradicted in the record, and it may therefore be safely asserted, that, if the guardian had not sold the property it would have been lost to the plaintiff by a sale for taxes, and that, during his earlier years at least, he would have been compelled to subsist upon the charity of strangers or become an inmate of an almshouse. No question is made, either in the complaint or in the evidence, but that the full value of the property was realized, or that fraud of any character intervened, nor that he has not had the full benefit of the proceeds; though if it were otherwise, it would not affect the question here. While courts of equity are zealous in their efforts to protect the rights and property of infants, and all others who are not *sui juris,* they are equally unwilling, unless compelled by some strict rule of law, to make their incapacity a shield or ground for doing wrong. Certainly, in this case, there is nothing to commend the respondent to the sympathies of a court

of equity to which he has resorted. It may be that the next of kin, or others interested in the estate of the minor (if there are such), are not bound for want of proper notice; but that does not aid the plaintiff, nor would the court subserve the best interests of wards by making the titles of purchasers at guardians' sales so uncertain as to prevent the obtaining of a fair price when necessity compels a sale.

Another ground upon which respondent contends that the court had no jurisdiction requires notice, viz., that the petition and order to show cause were void because of an insufficient description of the real estate sought to be sold. The description was as follows: " A part of lot number five, in block number twelve, of the town of San Bernardino, Cal." In the order of sale, however, the description was specific, giving a precise starting-point, and describing the premises by metes and bounds. In the complaint in this case, the starting-point, instead of being " at the northeast corner of the lot owned by L. Caro," as in the order of sale, is fixed by reference to a certain corner of lot 5. There is no allegation or evidence that the premises sold under the description given in the order of sale are not identical with those described in the complaint; and hence, if the court had jurisdiction to sell the premises described in the order, there can be no partial recovery by the plaintiff.

That the defective description in the petition and order to show cause did not affect the jurisdiction of the court, or the validity of the sale by the correct description, see *Fitch* v. *Miller*, 20 Cal. 352; *Estate of Boland*, 55 Cal 312; *Richardson* v. *Butler*, 82 Cal. 174; 16 Am. St. Rep. 101; *Gager* v. *Henry*, 5 Saw. 239.

The case of *Wilson* v. *Hastings*, 66 Cal. 244, cited by respondent, was one where the sale was by the executor of an estate, and as to the heir was an adverse proceeding, and hence is widely distinguished from this case, where the proceeding was *ex parte* by the minor, for his own benefit. There was no inconsistency between

the general description in the petition and the definite description in the order of sale. The property mentioned in the petition is the property that was sold.

Other irregularities are pointed out by respondent which would have required a reversal of the proceedings upon appeal; but it is not necessary to notice them, as they occurred after the court acquired jurisdiction, and hence do not affect the validity of the sale upon collateral attack.

Counsel for respondent quotes the concluding part of a stipulation in the case, made to relieve plaintiff of the necessity of proving title to him prior to the guardian's sale, viz.: "And no question is made as to the title of plaintiff and his ownership in all of the premises described in the complaint up to and including March 5, 1880"; and contends that this stipulation "lets the defendant out," because, it is said, "if plaintiff was the owner up to and including March 5, 1880, the decree of confirmation cuts no figure whatever."

The obvious intention of the stipulation was to concede that, prior to the time when title would have vested in the defendant under the sale to him if the proceedings were valid, the plaintiff was the owner; thus leaving the sole question whether or not his title was divested by these proceedings. This is clearly shown by the body of the stipulation, which admits that the plaintiff was seised in fee " prior to the decree of confirmation, . . . . and prior to the execution of the deed of Elizabeth Wagner, then guardian," etc.

This deed was made March 6, 1880, and as plaintiff's title was divested by the deed, and not by the confirmation of the sale, the stipulation, even as construed by respondent, cannot aid him. (*Doe* v. *Jackson*, 51 Ala. 514.)

All of the proceedings had in the probate court, except the petition, were objected to as offered by the defendant, and the objections were sustained by the court, as was also the objection to the deed made by the guardian to the defendant. As those objections are fully covered

by what has been said, it is not necessary to notice them further.

The court erred in sustaining these objections, and the judgment should be reversed.

BELCHER, C., and TEMPLE, C., concurred

For the reasons given in the foregoing opinion, the judgment is reversed.

DE HAVEN, J., MCFARLAND, J., FITZGERALD, J.