[Civ. No. 4058. Second Appellate District, Division Two.—July 3, 1923.]

## Petition of FRANK FURNESS et al. for Registration of Land Title.

[1] TORRENS TITLE ACT — VALIDITY OF DECREE — CONSIDERATION OF JUDGMENT-ROLL.—To decide whether or not a decree for the registration of title to land under the "Torrens Title Act" is void upon its face the court may consider the judgment-roll only.

[2] ID.—LACK OF JURISDICTION—COLLATERAL ATTACK.—Where lack of jurisdiction appears upon the face of the record the judgment may be attacked collaterally, and it may be vacated at any time.

[3] ID.—FAILURE TO ANSWER APPLICATION—EXCUSE FOR NEGLIGENCE —ESTOPPEL.—In attacking a decree registering title to land under the "Torrens Title Act," where such decree is void upon its face, the petitioner is not required to excuse himself for negligence in not asserting his claim at the time of the application for the registration of the title; and the fact that he failed to answer the application is immaterial, where no other facts creating an estoppel are involved.

[4] ID.—DESCRIPTION OF PROPERTY—VARIANCE—ISSUES—VOID DECREE. Where the descriptions in the application for the registration of title under the "Torrens Title Act" and the decree not only do not so correspond as to indicate that they refer to the same premises, but are so dissimilar as to establish a marked difference, it cannot be said that the decree adjudicating title to land described in it has passed upon an issue presented by the application; and in such an instance the decree, having adjudicated title to property by a different description than that described in the application, is void.

[5] ID.—PRAYER FOR GENERAL RELIEF—JURISDICTION OVER LANDS NOT DESCRIBED IN APPLICATION.—It cannot be said that a prayer for

---

1. Proceedings under Torrens Act, notes, 12 Ann. Cas. 834; Ann. Cas. 1913C, 871; Ann. Cas. 1918E, 184; L. R. A. 1916D, 14.

62 Cal. App.—48

general relief authorizes an adjudication by the court of the title to property other than that mentioned and described by the applicant merely because it appears to be owned by the same person who petitioned for a decree under the "Torrens Title Act," or perhaps includes some of the land described in the application.

APPEAL from an order of the Superior Court of Los Angeles County dismissing a petition to set aside a supplemental decree for the registration of title to land. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

Frederick W. Smith, D. L. Di Vecchio and G. Randolph Miller for Appellant.

W. T. Craig and Ronald H. Loenholm for Respondents.

CRAIG, J.—This appeal is taken under the provisions of section 953(a) of the Code of Civil Procedure. It is from an order of the superior court dismissing the amended petition of Edgar J. Sharpless to set aside the supplemental decree rendered by that court in this proceeding. The original petition of Frank Furness et al. for registration of their lands under the "Torrens Title Act" (Stats. 1915, p. 1932) was filed June 26, 1919. It contained a number of applications, among which was that of Sylvester W. Barton and Lelia Adelaid Barton, his wife, which sets forth that they have had actual, adverse, exclusive possession of certain land, and prays for a decree determining the title thereto to be in themselves. The premises therein described are as follows: "One separate parcel of land described as commencing at the northeasterly corner of lot 1 of the subdivision of lot 19 of Gunn and Hazzard's plat of the Cullen Tract, in the County of Los Angeles, State of California, as per map recorded in Book 42, page 28, of Miscellaneous records in the office of the recorder of said county; thence north 39° 41' east 181.2 feet; thence south 55° 30' east 556.2 feet; thence south 39° 41' west 623.8 feet; thence north 51° 40' west 556.9 feet; thence north 39° 41' east 393.2 feet to the point of beginning. Reserving therefrom those portions within the bounds of public roads." The application also makes the following representations concerning the adjoining land owners: "A. North-

erly: County of Los Angeles for public road purposes. Southerly: B. Sharpless, Whittier, Cal. Easterly: E. J. Sharpless, Whittier, Cal. Westerly: County of Los Angeles for public road purposes."

A copy of this application was served personally upon Edgar J. Sharpless. Subsequently, and on June 30, 1920, the trial court rendered a supplemental decree adjudging Sylvester W. Barton and Lelia Adelaid Barton to be the owners of land described as follows: "A. One separate parcel of land being that portion of lot 19 and of that tract marked '17 40/100' as both are shown on map of resurvey of Gunn and Hazzard's plat of the Cullen Tract, County of Los Angeles, State of California, in Book 34, page 64, of Miscellaneous records in the office of the recorder of said county, described as commencing at the intersection of the center line of the Los Angeles and Santa Ana road, as said road is shown on county surveyor's map No. 7239 (on file in the office of the county surveyor Los Angeles County) with the northeasterly prolongation of the northwesterly line of said lot 19; thence south 55° 05' east along the center line of said Los Angeles and Santa Ana Road, 298.00 feet; thence south 57° 13' 45" east along the center line of said road, 261.03 feet; thence south 39° 09' west 623.57 feet; thence north 52° 12' west 556.90 feet to a point in the northwesterly line of said lot 19; thence north 39° 09' east along the said northwesterly line of lot 19 and the northeasterly prolongation of said line 585.55 feet to the point of beginning. Reserving therefrom a strip of land 30 feet in width along the northwesterly side thereof and a strip of land 20 feet in width along the northwesterly side thereof for public road purposes."

July 1, 1921, Edgar J. Sharpless filed a petition asking that the supplemental decree be vacated and set aside. A demurrer interposed by Sylvester W. and Lelia Adelaid Barton was sustained. After this, an amended petition was filed by Sharpless which alleged "That the land described in said supplemental decree is not capable of being identified as the land described in said Application No. 13a, and in fact and in truth is not the land described in said Application; that the description as given in said supplemental decree does not conform to the county surveyor's report made and filed in said action; that in the description given in said

supplemental decree two distances exceed those in the petition. That the said land described in said supplemental decree includes and covers land belonging to the petitioner herein.''

The petition then asked that the supplemental decree be set aside upon the legal grounds of lack of jurisdiction over the subject matter of the premises described and of the person of the petitioner. Thereupon the respondents moved to dismiss the amended petition. The trial court granted the motion and from the order so made Sharpless appeals.

It is said that the petition to vacate the supplemental decree is collateral in its nature. If so such an attack will be successful only where the decree appears to be void upon its face. [1] To decide whether or not the decree is so void upon its face the court may consider the judgment-roll only. (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672 [74 Pac. 301].) Where the defendant has defaulted, the judgment-roll ordinarily includes the complaint, summons, affidavit of service, memorandum of default of defendant indorsed on the complaint, and the judgment. (Sec. 670, Code Civ. Proc.)

[2] Where lack of jurisdiction appears upon the face of the record the judgment may be attacked collaterally (*Rue* v. *Quinn*, 137 Cal. 651 [66 Pac. 216, 70 Pac. 732]), and it may be vacated at any time. (*Wharton* v. *Harlan*, 68 Cal. 422 [9 Pac. 727].) Respondent argues that for the petition to set aside the supplemental decree to state a cause of action in favor of Sharpless it must not only allege that he is the owner of land included in said decree but it must further be made to appear that the land described by the decree and so belonging to petitioner was not described in the application. Where the decree is void upon its face no reason is suggested for holding that it must be shown that the land of the petitioner described in the decree was not also included in the application. [3] In attacking a decree void upon its face the petitioner is not required to excuse himself for negligence in not asserting his claim. The fact that he failed to answer the application, where no other facts are involved creating an estoppel, is immaterial.

[4] But without considering the maps, we think the description in the application and supplemental decree differ so clearly and materially as to indicate that they refer to substantially different pieces of property. The descriptions

begin at different points. They do not agree as to a single call; the directions are not always the same; in only one instance do they coincide as to distances; the calculation of the distances, calls, and directions shows the lines of the two lots to be more than 1100 feet apart. To uphold a decree under such circumstances would be equivalent to ruling that it may affirm the applicant's title to any land whether described in the application or not.

Respondent claims that the prayer for general relief contained in the application gave the court jurisdiction of the subject matter of the suit. Hence, that under the rule stated in *Fox* v. *Hall* and other cases cited, the supplemental decree is not void upon its face or susceptible to collateral attack. The cases mentioned only hold that a prayer for general relief authorizes the court to grant any relief within the issues presented by the allegations of the complaint; it does not confer jurisdiction to determine matters beyond the issues stated in the complaint. This is especially true where, as in the instant proceeding, there is no answer. (*Staacke* v. *Bell*, 125 Cal. 309 [57 Pac. 1012].) The purpose of a proceeding under the Torrens Title Act is to adjudicate title to specific land. One of the essential issues is the identity and description of the property. Where the descriptions in the application and decree not only do not so correspond as to indicate that they refer to the same premises, but are so dissimilar as to establish a marked difference, it cannot be said that the decree adjudicating title to land described in it has passed upon an issue presented by the application. In such an instance, which is the case here, the decree, having adjudicated title to property by a different description than that named in the application, is void. The appellant had no notice that the court would hear evidence concerning any other property than that described in the application. [5] It cannot be said that a prayer for general relief authorizes the adjudication by the court of the title to property other than that mentioned and described by the applicant merely because it appears to be owned by the same person who petitioned for a decree under the Torrens Title Act, or perhaps includes some of the land named in the application. *In re Sackett*, 53 Cal. App. 592 [200 Pac. 742], is pointed to by respondent as a case almost exactly similar to the one under consideration. The following excerpt from the opin-

ion in the decision cited is sufficient to point out the utter dissimilarity of the issues involved in the two cases: ''The description contained in the decree and certificate were the same as in the petition and notice.''

We conclude that the trial court should have granted a petition to vacate the supplemental decree. In order that this may be done the order appealed from is reversed.

Finlayson, P. J., and Works, J., concurred.