[Civ. No. 13526. First Dist., Div. Two. May 17, 1948.]

ILETA HENDERSON, Respondent, v. CURTIS J. HEN-
DERSON, Appellant.

Melbert B. Adams for Appellant.

Harry G. Henderson for Respondent.

DOOLING, J.—Appeals are herein presented from three orders denying defendant's motions to vacate and set aside a default judgment and to correct and modify said judgment.

In 1942, the respondent and appellant herein were ceremonially married in Nevada. Thereafter they lived together

as husband and wife. On February 19, 1946, respondent filed a complaint in the superior court in San Francisco seeking an annulment of the marriage on the ground that at the time of their marriage the appellant was married to another. Joined in this complaint was an allegation that respondent had contributed $13,000 which had been invested and reinvested by the parties and that "the accruals from said investment and reinvestment now aggregate the sum of approximately $14,000, represented by cash in bank, equity in real and personal property, situated in Shasta County, California, and standing in the joint names of the plaintiff and defendant herein, and one 1941 Model Pontiac Automobile standing in the name of defendant herein." The complaint further alleges that the respondent permitted the property to stand in the joint names of the parties, and the automobile in the name of the appellant, believing in good faith that she was appellant's legal wife and that she did not intend them as a gift.

The complaint prays: 1. that the marriage be declared void; 2. that the court restore to plaintiff "the sum of $13,-000.00 which was her separate property at the time of said marriage"; 3. "that this court make its order awarding all of the accruals from the said $13,000.00 aforesaid in the approximate value of $14,000.00 to this plaintiff."

The appellant, after personal service on him of the complaint and summons, defaulted by failure to appear or plead. After a trial the court entered a judgment annulling the marriage and decreeing the following with regard to property rights: 1. that the $13,000 mentioned in the complaint is the sole and separate property of the plaintiff; 2. "that all of the accruals from the said sum of $13,000.00 in the approximate value of $14,000.00—all as set out and specified in plaintiff's complaint on file herein, be and the same is hereby ordered, adjudged and decreed to be the sole and separate property of said plaintiff"; 3. "that all of that certain real property described as follows, and situated in the Town of Castella, County of Shasta, State of California, to wit: (followed by a specific description) be, and the same is hereby ordered, adjudged and decreed to be the sole property of the said plaintiff . . . and that the joint· tenancy of the parties in said real property be and the same is hereby terminated"; 4. that the Pontiac automobile referred to in the complaint is the sole and separate property of plaintiff.

The motions to vacate and modify the judgment were all made over six months after its entry and for that reason

they are admitted to be collateral attacks thereon. ■ On such attack the appellant can only succeed, except in the case of extrinsic fraud or mistake, if the judgment is void on the face of the judgment-roll itself. (*Wells Fargo & Co. v. City etc. of San Francisco*, 25 Cal.2d 37 [152 P.2d 625].)

■ Appellant makes only one claim of extrinsic fraud. At the close of the evidence the trial judge expressed doubt as to whether a title company would issue a policy of title insurance on the real property in Shasta County based on his decree and asked respondent's counsel to get assurance from a title company that it would do so before the decree was signed. Instead of doing this counsel wrote the judge a letter arguing that the adjudication of title was within the court's power and the judge thereupon signed the decree. If fraud at all, this was intrinsic and not extrinsic. The trial judge on the motion ruled that no fraud had been practiced on him and this ruling was clearly correct. Counsel did not deceive the court in any way but simply persuaded the judge to enter the decree without counsel's obtaining the assurance from a title company which the judge had originally requested.

The decree insofar as it annuls the marriage is not attacked on appeal. Indeed counsel for appellant in a supplemental brief has stated that "appellant believes it his duty to point out that he has never attacked that part of the judgment annulling the marriage."

The sole attacks are leveled at those portions of the decree awarding to respondent money and property. In considering those attacks it may be well to point out certain settled rules with regard to collateral attacks on judgments: ■ 1. "If a complaint shows a subject matter and a demand for relief within the jurisdiction of the court, the mere fact that it fails to state a cause of action does not render the judgment void and subject to indirect or collateral attack. . . . this rule applies not only to a contested case but also to a default judgment in other respects valid." (15 Cal.Jur. 86.) ■ 2. On collateral attack "every presumption should be indulged in support of the validity of the judgment, and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which will defeat the judgment." (15 Cal.Jur. 65-66.)

It is urged that the judgment is void because the description of the real property in the judgment is different from that in the complaint. ■ The description of the real property

in the complaint, "equity in real . . . property, situated in Shasta County, California, and standing in the joint names of the plaintiff and defendant," would be a sufficient description for a deed. (9 Cal.Jur. 306.) It complies with the requirement of section 455, Code of Civil Procedure in that it is described with such certainty as to enable an officer, upon execution, to identify it. So far as pleading is concerned the description is sufficiently certain to give the court jurisdiction over it. ▮ "It is generally held that an insufficient description of real estate in a pleading does not subject the resulting judgment affecting the title to or an interest in such property to collateral attack, even though the description may have been too general, or uncertain, and indeed, even though the petition may not have stated a sufficient cause of action to be good on demurrer." (31 Am.Jur. 187; and cf., *Scarf* v. *Aldrich*, 97 Cal. 360, 368 [32 P. 324].)

▮ Counsel for appellant cites cases such as *Flores* v. *Smith*, 47 Cal.App.2d 253 [117 P.2d 712] holding that where a default judgment describes real property differently than it is described in the complaint the judgment is erroneous and will be reversed on appeal or other direct attack. These cases are not in point where the attack is collateral. "A mere erroneous decision on a question of law . . . does not make the judgment void, if the court had jurisdiction of the subject matter and of the person of the defendant." (*Wells Fargo & Co.* v. *City etc. of San Francisco, supra*, 25 Cal.2d 37, 40.) Nor are such cases as *Petition of Furness*, 62 Cal.App. 753 [218 P. 61], where the description in the complaint and the description in the judgment on their face refer to different parcels, in point. Here the judgment refers to the same property described in the complaint, real property in Shasta County held in joint tenancy by the parties. The presumptions are in favor of the validity of the judgment and any facts consistent with its validity will be presumed. (*Wells Fargo & Co.* v. *City etc. of San Francisco, supra*, 25 Cal.2d 37, 40.) As said in *Scarf* v. *Aldrich, supra*, 97 Cal. 360, 368, "the defective description in the petition and order to show cause did not affect the jurisdiction of the court, or the validity of the sale by the correct description, . . ."

▮ We find no force in the argument that the judgment exceeds the prayer. The prayer was for "all of the accruals from the said $13,000.00 aforesaid in the approximate value of $14,000.00." Among such accruals described in the complaint was "real . . . property, situated in Shasta County,

California, and standing in the joint names of the plaintiff and defendant." The judgment insofar as it awards real property in Shasta County held in joint tenancy to respondent is responsive to the prayer; and the fact that in general terms it first awards all accruals to respondent and then specifically awards to her the described real property and automobile must be construed, following the presumption of validity on collateral attack, as an award of the described items of accruals by specific description and all other accruals in more general terms.

It is also claimed that portions of the judgment are void for uncertainty. Conceding that the award of "all of the accruals . . . in the approximate value of $14,000.00—all as set out and specified in plaintiff's complaint" is so uncertain as to be vulnerable to direct attack on appeal (*Cooke* v. *Aguirre,* 86 Cal. 479 [25 P. 5]) no cases are cited that uncertainty is a ground for setting a judgment aside on collateral attack.

 Although the point is not argued by appellant we have given some attention to the question whether the San Francisco court had jurisdiction over the real property in Shasta County under section 5, article VI of the California Constitution. We have concluded that it had. The action for annulment and for the determination of the parties' property rights were properly joined. (*Sanguinetti* v. *Sanguinetti,* 9 Cal.2d 95, 99 [69 P.2d 845, 111 A.L.R. 342] ; *Taylor* v. *Taylor,* 66 Cal.App.2d 390 [152 P.2d 480].) The action for annulment is a transitory action. When an action is partly local and partly transitory it is to be regarded as transitory in determining the place of trial. (*Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557] ; 25 Cal.Jur. 858.) The action was therefore properly commenced in San Francisco.

The orders appealed from are affirmed.

Goodell, J., concurred.

A petition for a rehearing was denied June 16, 1948, and appellant's petition for a hearing by the Supreme Court was denied July 15, 1948.