THE ATLANTIC NATIONAL BANK OF BOSTON, petitioner.

THE ATLANTIC NATIONAL BANK OF BOSTON, petitioner.

THE COMMONWEALTH-ATLANTIC NATIONAL BANK
OF BOSTON, petitioner.

Suffolk.    March 23, 24, 1927. — November 21, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Trust Company,* Consolidation with national bank. *Bank. Trust,*
Trustee de son tort. *Conservator,* De son tort. *Probate Court,* Ac-
counts: by fiduciary de son tort.

A national bank which is the result of consolidation, in accordance with the
provisions of 40 U. S. Sts. at Large, 1043, of a trust company, previously
converted into a national bank in accordance with the provisions of
U. S. Rev. Sts. §5154, with another national bank, does not, merely by
reason of such conversion and consolidation and without a new appoint-
ment by the Probate Court, become entitled to account as trustee under
a will, or as conservator of an estate, in the place of the trust company
which previously had been appointed by the Probate Court as such
fiduciaries and had been performing duties accordingly; if the national
bank has acted as such a fiduciary without a new appointment, it can
account only *de son tort.*

PETITION, filed in the Probate Court for the county of
Suffolk, on October 1, 1924, by The Atlantic National Bank
of Boston for the allowance of an account entitled "The First
Account of The Atlantic National Bank of Boston, appointed
under the name 'Commonwealth Trust Company' as con-
servator of property of Harold P. MacDonald."    Also, a
PETITION, filed in the same court on February 10, 1925, by
the same petitioner for the allowance of "an account entitled
'The Sixth Account of The Atlantic National Bank of Boston,
Trustee (by virtue of the appointment of Commonwealth
Trust Co. of Boston as said Trustee, and by virtue of subse-
quent conversion, consolidation and change of name) under
the will of Adoniram J. Adams, late of Boston.'"    And also a
PETITION, filed in the same court by The Commonwealth-
Atlantic National Bank of Boston on June 13, 1925, for the

allowance of "an account entitled the 'Seventh Account of The Commonwealth-Atlantic National Bank, appointed under the name of Commonwealth Trust Company, Trustee under the will of Emily Earl Maynard, late of Boston.'"

The three petitions were heard by *Dolan*, J., who found the material facts and reserved and reported them to this court for determination.

*J. W. Worthen*, for the petitioners.

*R. C. Curtis*, guardian *ad litem* for Harold P. MacDonald, *pro se*.

RUGG, C.J.    These are petitions for the allowance of accounts in the usual form in the Probate Court. The accounts are accurate and complete. The question presented is whether the petitioner is the proper accountant under appointment as fiduciary by the Probate Court. The material facts are the same in all the cases. The Commonwealth Trust Company of Boston, a trust company established under the laws of this Commonwealth, was duly appointed by the Probate Court for Suffolk County as trustee under wills in two cases and a conservator of property in the third. It qualified in each case by filing a bond. For a substantial time it held and administered the property thus in its charge as fiduciary. Then the trust company was converted into a national bank under the name, "The Commonwealth National Bank of Boston," in full compliance with the provisions of § 5154 of U. S. Rev. Sts. as amended by the Act of December 23, 1913, c. 6, § 8; 38 U. S. Sts. at Large, 258. This national bank was afterwards consolidated with the Fourth-Atlantic National Bank of Boston and the name, "The Commonwealth-Atlantic National Bank of Boston," was taken. Act of Congress of November 7, 1918, c. 209, § 2; 40 U. S. Sts. at Large, 1044. Its name later was changed to "The Atlantic National Bank of Boston." No new appointment as trustee or conservator has been made by the Probate Court, subsequent to this conversion, consolidation and change of name of the trust company.

The precise point to be decided is whether, after the conversion, consolidation, and change of name outlined above,

the national bank remains as fiduciary under the original appointment of the trust company by the Probate Court.

In *Commonwealth-Atlantic National Bank of Boston, petitioner*, 249 Mass. 440,* it was recognized that for many purposes the new national banking corporation was the successor of the preëxisting trust company, and for most if not all business purposes was identical therewith; yet it was held that the present petitioner was not entitled to appointment as executor under a designation of the Commonwealth Trust Company in a will executed prior to the conversion and consolidation but proved and allowed thereafter. The grounds of that decision briefly stated were that there are fundamental distinctions as to being a fiduciary in accordance with our statutes under appointment by a probate court between a trust company organized under the laws of this Commonwealth and a national bank organized under the Acts of Congress. They are established under the laws of different jurisdictions. They owe allegiance to different sovereignties. They are controlled by different laws. They possess different powers. The national bank is not governed by the laws of this Commonwealth as to its corporate functions, duties and responsibilities. It is not subject to the same laws touching supervision and examination as to property held in a fiduciary capacity by government officials, nor as to liquidation. In these particulars the national bank is governed by a legislative body over whom this Commonwealth has no power. The reasons for the conclusion there reached are amplified in that decision with references to the pertinent and differing statutes, both State and Federal. They govern the present cases. The testator and court in appointing the trust company as trustee, and the court in appointing it as trustee and conservator, must be presumed to have had in contemplation its particular corporate powers, duties and responsibilities. By conversion and consolidation the trust company has elected to remove itself from the governing statutes of this Commonwealth and to submit itself to those of the United States. These statutes make it

---

*Petition for a writ of certiorari to review the decision was denied by the United States Supreme Court on October 27, 1924.   266 U. S. 617.

a different corporation in material aspects from the one appointed fiduciary by the Probate Court. Of course we recognize and accept the full force and effect of the Act of September 26, 1918, c. 177, § 2; 40 U. S. Sts. at Large, 968, amending the Act of December 23, 1913, c. 6, § 11(k); 38 U. S. Sts. at Large, 262, as interpreted by *First National Bank of Bay City* v. *Fellows*, 244 U. S. 416, and *Missouri* v. *Duncan*, 265 U. S. 17, requiring courts of this Commonwealth to appoint national banks as fiduciaries upon the same conditions as they would appoint trust companies organized under the laws of this Commonwealth, and of U. S. Rev. Sts. § 5154, as amended. But we think that none of these or other Federal statutes reach to the case at bar, where according to our view no appointment by the Probate Court has been made of which the petitioner can avail itself.

The trust company had no such property interest in its appointments as trustee and conservator as passed to the national bank as its successor. *Ensign* v. *Faxon*, 224 Mass. 145. *Wilkinson* v. *McIntyre*, 254 Mass. 325. Appointments of a trust company to such positions of trust by our courts of probate under the statutes of this Commonwealth do not constitute pecuniary assets nor property such as vests in the national bank to which such trust company may be converted.

Without extending this opinion to greater length, it is enough to say that in our opinion the cases at bar are indistinguishable in principle from *Commonwealth-Atlantic National Bank of Boston, petitioner*, 249 Mass. 440, where the reasons are stated with sufficient fullness and relevant decisions and statutes are cited and reviewed.

The petitioner relies upon a sentence in the opinion in *Iowa Light, Heat & Power Co.* v. *First National Bank of Boston*, 250 Mass. 353, 354, where, referring to the effect of a similar subsequent conversion of a trust company into a national bank and consolidation with another national bank upon a corporate indenture to secure an issue of bonds given to the trust company, it was held that the national bank had succeeded to all the rights, title and powers of the trust company and was trustee for the bondholders. The point here

raised was not there argued and no reference was made to it. That decision was right and is not at variance with the conclusion reached in *Commonwealth-Atlantic National Bank of Boston, petitioner, supra,* here affirmed.   The indenture under review in 250 Mass. 353, was a contract between competent parties.   The rights and obligations arising therefrom were chiefly contractual in nature although partaking also of such subsidiary fiduciary nature as may spring from such a contract.   Fiduciary relations resting on statutory provisions and founded on a decree of a court with the characteristics pointed out in 249 Mass. 440, stand on a different footing with respect to succession by a different corporation for the reasons stated in this latter decision.

The form of accounts presented for allowance is based on the assumption that the petitioner in each case is entitled to render the account as duly appointed fiduciary.   For the reasons already set forth, it is not so entitled.   It can account only *de son tort.*   The accounts can be considered on that footing alone.   *Clabburn* v. *Phillips,* 245 Mass. 47. *Kaplan* v. *Suher,* 254 Mass. 180, 184.

Decree is to be entered in each case with appropriate recitals allowing the account on that basis.

*Ordered accordingly.*