[Civ. No. 10785. Second Appellate District, Division Two.—January 20, 1936.]

HARRY D. SALVETER, Appellant, v. MARY E. SALVETER et al., Respondents.

Goodspeed, Pendell & McGuire for Appellant.

No appearance for Respondents.

CRAIL, P. J.—This is an appeal from a judgment entered against the plaintiff after an order sustaining a demurrer to plaintiff's complaint without leave to amend.

It is alleged in the complaint that the plaintiff and defendant were formerly husband and wife and that during the period of their marriage they acquired a ninety-nine year interest in certain real property known as the ''market lease''; that subsequently the defendant sued the plaintiff for divorce; that the court granted a divorce to the defendant and adjudged the market lease to be community property which should be equally divided between them but the division was to be postponed until the further order of the court; that pending the trial of the divorce action defendant obtained an order of court requiring plaintiff to pay defendant for her support the sum of $20 per week; that during the pendency of said action, a period of two years and one month, defendant collected the rentals from said market lease amounting to a sum in excess of $12,000, which she kept and used for her own benefit, and that the plaintiff had paid to the defendant by and through said rentals all sums required to be paid to her under or by reason of said order for $20 per week, and that there was nothing owing to her by the plaintiff on said order at any time; that after the final decree of divorce the defendant, for the purpose of defrauding plaintiff, made an *ex parte* application to the court for a writ of execution on said order accompanied by an affidavit falsely stating that the sum of $2,068 was unpaid to her under said order of court; and that the execution was issued although there was no money owing to the defendant on said order at any time; that the plaintiff's interest in said market lease was sold under said execution to the defendant; that all of said proceedings were taken without any sort of notice to the plaintiff and without plaintiff having any knowledge whatever concerning the same; that the other defendants claiming to have acquired any interest in the leasehold acquired the same with full knowledge of said facts. Plaintiff prays for equitable relief under said allegations.

At the hearing of the demurrer the only contentions of defendant as grounds for sustaining the demurrer were that the complaint showed on its face that the fraud complained of was an intrinsic fraud; that the order made for the

issuance of such execution was an appealable order and as there had been no appeal taken therefrom by the plaintiff, the same was *"res judicata"* that the money was owing to this defendant.

The so-called order to issue an execution was not a judgment on the merits against the plaintiff. It was by the allegations of the complaint a direction by the court *to its clerk* to issue the execution. ▉ It is a fundamental rule that a writ of execution must be founded upon a valid and subsisting judgment which has not been satisfied. (11 Cal. Jur. 43, and cases cited.) Payment of a judgment satisfies it and extinguishes it. (15 Cal. Jur. 269, and cases cited.) The demurrer admits that the order was complied with by payment in full. Under the facts and circumstances which are alleged by the plaintiff and admitted by the demurrer, the order upon which the execution was issued was, from the standpoint of a chancellor, satisfied and therefore a nullity. Since a sale of the property to the defendant had been made under the execution, a motion to quash the execution no longer would be adequate, and the plaintiff was entitled to equitable relief. (11 Cal. Jur. 63, and cases cited.)

Judgment reversed.

Wood, J., and McComb, J., *pro tem.*, concurred.