[Civ. No. 18449.   Second Dist., Div. Three.   Feb. 15, 1952.]

MARIA VASQUEZ, Respondent, v. BARTOLO VASQUEZ, Appellant.

Levy, Bernard & Jaffe and Saul J. Bernard for Appellant.

William A. Reppy for Respondent.

VALLÉE, J.—Appeal by defendant from a judgment quieting title to an undivided half interest in two parcels of realty in plaintiff.

The parties were formerly husband and wife. On April 14, 1948, defendant in the present suit, as plaintiff, obtained an interlocutory decree of divorce from plaintiff in the present suit on the ground of desertion after she had defaulted in the action. The wife resided in Mexico at the time and jurisdiction was obtained by substituted service. In his complaint in the action for divorce, the husband alleged that the only property of the parties was the two parcels of realty involved

here and that they were community property. The interlocutory decree found that the allegations of the complaint were true, that the two parcels of realty were community property, and assigned them to plaintiff in that action, defendant here. No property was assigned to the defendant in that action, plaintiff here. On April 22, 1949, on an affidavit of the husband, a final decree of divorce was entered which provided that wherein the interlocutory decree related to property of the parties, such property was assigned "in accordance with the terms thereof to the parties therein declared to be entitled thereto."

Plaintiff-wife brought this suit on the theory that the court in the action for divorce exceeded its jurisdiction in awarding all of the community property to the husband when it granted him the divorce solely on the ground of desertion. The court found the judgment roll in the action for divorce showed on its face that the interlocutory decree was obtained solely on the ground of desertion, the two parcels of realty were community property of the parties at the time the interlocutory decree was rendered and entered, and that the husband "at no time acquired the interest of the wife in the property."

The question is whether a judgment assigning all of the community property to a litigant securing a divorce on the sole ground of desertion is an act in excess of the jurisdiction of the court. We have concluded it is.

The husband in the divorce action alleged the property was community. The question whether the property was community was directly in issue and was necessarily litigated. The court had jurisdiction of the property and found it was community. Adjudication in the action for divorce that the property was community is final and conclusive and cannot be impeached. (*Estate of Williams*, 36 Cal.2d 289, 292 [223 P.2d 248] ; *Zaragosa* v. *Craven*, 33 Cal. 2d 315, 317 [202 P.2d 73].)

Civil Code, section 146, in pertinent part, provides: "In case of the dissolution of the marriage by decree of court of competent jurisdiction, the community property, and the homestead, shall be assigned as follows: . . . Two: If the decree be rendered on any other ground than that of adultery, incurable insanity or extreme cruelty, the community property shall be equally divided between the parties." The section is manifestly a limitation on the power of the court. The community property was assigned in the divorce action

contrary to the express mandate of section 146. Was such assignment in excess of the court's jurisdiction, in which event it was void and subject to collateral attack, or was it merely an error or irregularity in the proceeding, in which event it is not subject to collateral attack?

Generally it may be said the following are the jurisdictional requirements: (1) legal organization of the tribunal; (2) jurisdiction over the person; (3) jurisdiction over the subject matter; (4) power to grant the judgment. (15 Cal. Jur. 49-55, §§ 140-141, and cases there cited; *Hunter* v. *Superior Court,* 36 Cal.App.2d 100, 112 [97 P.2d 492].) It is conceded the first three requirements were present in the action for divorce.

In the rendition of a judgment a court must remain within its jurisdiction and power. It is the power and authority behind a judgment rather than the mere result reached which determines its validity and immunity from collateral attack. A judgment, though entered in a case over which the court had jurisdiction over the parties and the subject matter, may be void in whole or in part because it granted some relief which the court had no power to grant.

A wrong decision made within the limits of the court's power is error correctable on appeal or other direct review, but a decision which oversteps the jurisdiction and power of the court is void and may be set aside directly or collaterally. (1 Freeman on Judgments, 5th ed., p. 733, § 354; *Feillett* v. *Engler,* 8 Cal. 76-77; *Crew* v. *Pratt,* 119 Cal. 139, 148-149 [51 P. 38]; *Grannis* v. *Superior Court,* 146 Cal. 245, 253-256 [79 P. 891, 106 Am.St.Rep. 23]; *Petition of Furness,* 62 Cal.App. 753 [218 P. 61]; *Corbett* v. *Corbett,* 113 Cal.App. 595, 601 [298 P. 819]. See the learned and exhaustive discussion by Mr. Chief Justice Gibson in *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287-291 [109 P.2d 942, 132 A.L.R. 715].) In *Tabor* v. *Superior Court,* 28 Cal.2d 505 [170 P.2d 667], the court quoted the following from the Abelleira case, page 508: " 'Lack of jurisdiction' . . . may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites."

The general rule is exemplified in a number of cases. Lack of authority in a court to pronounce a binding

judgment in excess of its statutory power invalidates a judgment for an amount greater than the court is authorized to give judgment for in any event. (*Feillett* v. *Engler*, 8 Cal. 76.) ▮ The entry of a final decree of divorce on the trial of the action without an interlocutory decree and the lapse of the statutory period is in excess of jurisdiction, not a mere error in the exercise thereof; it is void and subject to collateral attack. (*Grannis* v. *Superior Court*, 146 Cal. 245 [79 P. 891, 106 Am.St.Rep. 23].) ▮ A judgment of foreclosure without giving the right of redemption is, insofar as it bars the right of redemption, void and subject to collateral attack. (*Tonningsen* v. *Odd Fellows' Cem. Assn.*, 60 Cal.App. 568 [213 P. 710].) A *nunc pro tunc* final decree of divorce, made in 1931 before the permissive amendment, was to the extent that it was made *nunc pro tunc* void and subject to collateral attack because the court was without statutory power to make such an order. (*Corbett* v. *Corbett*, 113 Cal.App. 595 [298 P. 819].) ▮ A judgment in a suit to quiet title, awarding costs against a defendant who had filed a disclaimer, contrary to the statute, is, to the extent it awarded costs, void and subject to collateral attack. (*Michel* v. *Williams*, 13 Cal.App.2d 198 [56 P.2d 546].) ▮ A decree granting a husband a divorce on the ground of desertion is void on its face insofar as it awards support money to the guilty wife. (*Harwell* v. *Harwell*, 26 Cal.App.2d 143 [78 P.2d 1167].) ▮ A judgment based on an illegal contract because it was in restraint of trade is void where the illegality appeared on the face of the judgment roll. (*Hunter* v. *Superior Court*, 36 Cal.App.2d 100, the court saying, page 116 [97 P.2d 492] : "If a court grants relief, which under no circumstances it has any authority to grant, its judgment is *to that extent* void.") Lack of authority in a court to pronounce a binding judgment in excess of its statutory power invalidated an award of real estate as alimony where no power existed under the statute to make such award. (*Cizek* v. *Cizek*, 69 Neb. 797 [96 N.W. 657, 99 N.W. 28, 5 Ann.Cas. 464].)

In *Michel* v. *Williams*, 13 Cal.App.2d 198 [56 P.2d 546], the court quoted from *Sache* v. *Wallace*, 101 Minn. 169 [112 N.W. 386, 118 Am.St.Rep. 612, 11 Ann.Cas. 348, 11 L.R.A.N.S. 803], with approval thus, page 200: " 'Proceedings outside the authority of the court, or in violation or contravention of statutory prohibitions, are, whether the court have jurisdiction of the parties and subject-matter of the action or

proceedings, or not, utterly void. (*In re Simmons*, 62 Ala. 416, 417; *In re Gibson*, 31 Cal. 619 [91 Am.Dec. 546]; *Barton* v. *Saunders*, 16 Ore. 51 [8 Am.St.Rep. 261, 16 P. 921].) The mere fact that the court has jurisdiction of the subject-matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted. . . . Although every exercise of power not possessed by a court will not necessarily render its action a nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question. . . .' "

This is not a case in which a court has granted a divorce on the ground of desertion and has awarded a portion of the community property to the party obtaining the divorce and a portion to the other party. ▪ Here all of the property was community and the court, contrary to the express mandate of the statute, assigned all of it to the party securing the divorce. We conclude that the court in the action for divorce, insofar as it assigned all of the community property to the plaintiff in that action, defendant here, exceeded its power as defined by express statutory declaration; that such assignment was in excess of the jurisdiction of the court and not a mere error or irregularity in the proceeding. Therefore, the judgment, insofar as it made such assignment, is void, and, as such invalidity appears on the face of the judgment roll, is subject to collateral attack in the present suit. The wife's title in the two parcels of realty was not divested by the decree in the action for divorce, and the court in the present suit properly quieted her title to an undivided half interest therein.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.