[Civ. No. 47497. Second Dist., Div. Four. Aug. 6, 1976.]

CHARLES E. JONES et al., Plaintiffs and Respondents, v.
WORLD LIFE RESEARCH INSTITUTE et al.,
Defendants and Appellants.

COUNSEL

Arthur J. Aune and Richard A. Daily for Defendants and Appellants.

Julius A. Dix for Plaintiffs and Respondents.

OPINION

JEFFERSON (Bernard), P. J.—This is an appeal by defendants from the trial court's order, made after judgment, denying defendants' motion to quash execution, to vacate the levy of execution and to declare the judgment void. On December 21, 1971, plaintiffs filed a complaint against defendants seeking damages for breach of contract. Thereafter, to wit, on June 8, 1972, the parties entered into a written stipulation providing that plaintiffs should have judgment against defendants in the principal sum of $34,506.56, together with interest at the rate of 7 percent per annum from January 1, 1969, to the date of the stipulation, in the sum of $9,178.66, and for costs of suit. The stipulation also provided that there would be a stay of execution on the judgment for a period of 12 months from the date of the stipulation.

On August 23, 1973, a judgment was entered in favor of plaintiffs and against defendants. The judgment recited that it was a judgment pursuant to stipulation and set forth some of the terms of the stipulation between the parties. The judgment granted recovery to plaintiffs against defendants in the sum of $34,506.56, together with interest in the sum of $9,178.66. The judgment provided that this interest was for the period from January 1, 1969, to April 18, 1972. The judgment further provided for additional interest in the amount of $3,205.84 through the use of the following language: "[T]ogether with interest on said judgment as provided by law from April 19, 1972 in the sum of $3,205.84."

Plaintiffs filed with us a motion to dismiss defendants' appeal. We denied the motion without prejudice.

On this appeal defendants contend that the judgment entered by the trial court was beyond the jurisdiction of the court, and was a void judgment because, contrary to the stipulation of the parties, (1) it included interest in the amount of $3,205.84, and (2) it failed to include the provision for stay of execution. As a void judgment, defendants argue

that the judgment became subject to collateral attack through defendants' motion to quash and vacate the levy of execution and to declare the judgment void. Plaintiffs assert that the defendants are seeking to appeal from a valid judgment based upon stipulation of the parties; that such a judgment is not appealable and, furthermore, that the judgment had become final and not subject to appeal or to a motion to vacate as of the date defendants filed their motion in the trial court, to wit, June 26, 1975. But defendants' appeal is not from the judgment in either form or substance. Defendants' appeal is from a postjudgment order.

■ We start with the principle that a postjudgment order which affects the judgment in some manner or in its enforcement is an appealable order. (*Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841 [101 Cal.Rptr. 143].) " 'Orders made to enforce a judgment or to prevent its enforcement are appealable. The principle is that an order which affects enforcement of the judgment is appealable whether it favors the judgment creditor or the judgment debtor.' " (*Lovret, supra,* 22 Cal.App.3d 841, at p. 852.)

It seems clear that a trial court's order denying a motion, made after judgment, to vacate and quash a levy of execution and to vacate the judgment as being void is an appealable order. (Code Civ. Proc., § 904.1, subd. (b); *Macario* v. *Macario* (1929) 208 Cal. 601 [283 P. 291]; *Ford* v. *Superior Court* (1973) 34 Cal.App.3d 338 [109 Cal.Rptr. 844].)

The basic issue involved in the instant case is that of the status of a judgment that granted relief to plaintiffs beyond that provided by the written stipulation of the parties. Plaintiffs, however, take the position that the judgment as entered was in compliance with the stipulation of the parties on the theory that the parties intended for prejudgment interest to be allowed from the date of January 1, 1969 to the date of judgment, at which time interest on the judgment would automatically follow from the date of entry.

But in our view, the stipulation is quite clear that the judgment was to contain only prejudgment interest in the sum specified of $9,178.66. The stipulation provides for no other interest. Any additional interest contemplated by the parties could only be that which attaches as a matter of law to a judgment once it is entered. The trial court's award in the judgment of the additional sum of interest of $3,205.84 was clearly beyond the stipulation of the parties.

■ The question we must decide, therefore, is whether a judgment which awards greater relief than that to which the parties have agreed by their written stipulation, renders the judgment void as being beyond the jurisdiction of the court, or simply erroneous but not beyond the jurisdiction of the court. If a judgment is void on its face, it is subject to the kind of collateral attack such as defendants sought to make in the case at bench. ■ If, however, a judgment is simply erroneous, even though the error appears on the face of the judgment or record, it is not subject to collateral attack. Defendants argue here that a judgment which is not in complete conformity with the parties' stipulation upon which it is based is beyond the jurisdiction of the court, is void, and will not support the issuance of a writ of execution.

■ Certainly a trial court has the power, and it is the trial court's duty, to vacate or recall a writ of execution which has been improvidently issued. (*Evans* v. *Superior Court* (1942) 20 Cal.2d 186 [124 P.2d 820].) If a writ of execution is issued to enforce a void judgment, obviously it has been improvidently issued. "It is a fundamental rule that a writ of execution must be founded upon a *valid and subsisting* judgment which has not been satisfied." (*Salveter* v. *Salveter* (1936) 11 Cal.App.2d 335, 337 [53 P.2d 381].) (Italics added.)

■ Defendants are correct in asserting that the trial court is under a duty to render a judgment that is in exact conformity with an agreement or stipulation of the parties. "If interpretation of a stipulation is in order the rules applied are those applied to the interpretation of contracts. [Citations.] It is not the province of the court to add to the provisions thereof [citations]; to insert a term not found therein [citations]; or to make a new stipulation for the parties. [Citations.]" (*Harris* v. *Spinali Auto Sales, Inc.* (1962) 202 Cal.App.2d 215, 219 [20 Cal.Rptr. 586]; accord, *Bookstein* v. *Bookstein* (1970) 7 Cal.App.3d 219, 223 [86 Cal.Rptr. 495].)

*Harris* was an appeal from a judgment in which the appellant claimed that the judgment was not entered pursuant to *any* stipulation or agreement of the parties. Although the record indicated that the parties announced in open court that they were stipulating to an "agreed settlement," the oral stipulation did not provide that any judgment should be entered pursuant thereto. The *Harris* court set aside the judgment because "[i]n the stipulation at hand there is no showing of an intent that a judgment should be entered to effect the 'agreed settlement' which the parties, through their counsel, related they had 'reached'; the

judgment entered in purported reliance thereon is without any basis. . . ." (*Harris, supra*, 202 Cal.App.2d 215, at p. 220.)

Although the statements contained in *Harris* set forth correct principles of law, they do not shed light on the question presented in the case at bench, of the effect of a trial court's judgment which is in conformity with portions of a stipulation for judgment but not in conformity with other portions, and which grants additional relief not provided for in the stipulation. The failure of the judgment to contain the provision for a year's stay of execution is without meaning since the year's period had expired as of the date of entry of the judgment.

As authority for their position that a judgment which varies in any degree from the stipulation of the parties upon which it is based is a void judgment because rendered in excess of the court's jurisdiction, defendants cite *People's Ditch Co.* v. *Fresno etc. Co.* (1907) 152 Cal. 87 [92 P. 77]; *Vasquez* v. *Vasquez* (1952) 109 Cal.App.2d 280 [240 P.2d 319]; and *People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216 [119 Cal.Rptr. 917]. In *People's Ditch Co.,* the parties had entered into a stipulation for judgment settling conflicting claims to river water rights. In the trial court, before the judge had signed the judgment, plaintiffs requested that an additional term be included in the judgment. The trial court refused, signed the judgment in conformity with the stipulation, and plaintiffs appealed from the judgment. In affirming the judgment below it was said that "[t]he court was empowered to do nothing more than to frame a decree in accordance with the agreement." (*People's Ditch Co., supra,* 152 Cal. 87, at p. 89.) *People's Ditch Co.,* however, does not tell us what would have been the effect on the judgment if the trial court had inserted the additional term requested by plaintiffs in the case over the objection of the defendants. Neither by way of dictum, or otherwise, does the *People's Ditch Co.* court express a view that the insertion of an additional term in the judgment would render the judgment void as being beyond the jurisdiction of the trial court.

The *Vasquez* case was a divorce action in which the husband obtained a divorce from his wife on the ground of desertion and the court awarded all of the community property of the parties to the husband, contrary to the statutory mandate that, in such a case, community property should be divided equally between the parties. *Vasquez* held that this portion of the judgment was beyond the jurisdiction of the trial court and made that portion of the judgment subject to collateral attack by the former wife.

The collateral attack was in the form of a separate quiet title action. It is to be noted that *Vasquez* did *not* hold that the erroneous part of the judgment rendered the entire judgment void. Those portions of the *Vasquez* judgment which found the property of the parties to be community property and which granted to the husband a divorce from the wife for desertion were deemed to be within the jurisdiction of the court and not subject to collateral attack. "We conclude that the court in the action for divorce, insofar as it assigned all of the community property to the plaintiff in that action, defendant here, exceeded its power as defined by express statutory declaration; that such assignment was in excess of the jurisdiction of the court and not a mere error or irregularity in the proceeding. Therefore, the judgment, insofar as it made such assignment, is void, and, as such invalidity appears on the face of the judgment roll, is subject to collateral attack in the present suit." (*Vasquez, supra,* 109 Cal.App.2d 280, at p. 285.)

The *Wilshire Ins. Co.* case held that a default judgment entered against a surety company was a void judgment and subject to collateral attack because it was entered contrary to the terms of the surety company's consent contained in the surety bond. The consent terms required that a default judgment be entered in compliance with the statutory provisions relating to notice contained in Penal Code sections 1305 and 1306. The default judgment was declared to be void as being in excess of jurisdiction under the principle enunciated in *Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333], that "where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. [Citations.]" The *Wilshire Ins. Co.* case is of little assistance to defendants here, since it cannot be interpreted as holding that a judgment that is in conformity with some, but not all, provisions of a stipulation, renders the entire judgment void.

Plaintiffs contend that a consent judgment, or a judgment based upon stipulation of the parties, whether or not it is in strict conformity with the consent or stipulation, is not subject to collateral attack. One case relied upon by plaintiffs for this principle is *Nielsen* v. *Emerson* (1931) 119 Cal.App. 214, 218 [6 P.2d 281], in which it is stated: "Nor may such a judgment [judgment based on stipulation] be collaterally attacked by a party to it upon the ground that it does not conform to the stipulation. While a judgment is erroneous which fails to conform to a stipulation, and the error may be corrected on appeal [citation], nevertheless it may

not be collaterally attacked by a party on this ground [citation]." But in *Nielsen,* the judgment entered was in conformity with the stipulation. *Nielsen's* statement, therefore, that a judgment which does not conform to a stipulation is simply erroneous and not subject to collateral attack, is dictum and is thus not persuasive on the issue presented in the instant case.

In advancing the argument that defendants' appeal in the case at bench should be considered as an appeal from a consent judgment and, consequently, frivolous in nature and subject to dismissal, defendants rely upon *Reed* v. *Murphy* (1925) 196 Cal. 395 [238 P. 78] and *Lawler* v. *Bannerman* (1970) 8 Cal.App.3d 893 [87 Cal.Rptr. 756]. *Reed* holds that if a party consented to a judgment "in the precise form in which it was rendered, . . . and that it is not void upon its face," such party presents "nothing to be reviewed upon an appeal therefrom," and the appeal should be dismissed. (*Reed, supra,* 196 Cal. 395, at p. 401.) In *Lawler,* the defendant appealed from a judgment that was entered in exact conformity with the stipulation of the parties; the defendant had made no effort to obtain relief from the stipulation in the trial court prior to appealing. The *Lawler* court dismissed the appeal as frivolous and assessed costs against the appellant pursuant to Code of Civil Procedure section 907 and rule 26(a) of the California Rules of Court.

In the instant case, however, plaintiffs' reliance upon *Reed* and *Lawler* is of no avail, since the judgment here was not in exact conformity with the written stipulation of the parties. But *Reed* does have significance in that the following principle is enunciated: "It may be conceded that if a consent judgment or decree is different from or goes beyond the terms of the stipulation which forms its basis it may be set aside upon appeal *or by other appropriate procedure,* as it would not be in reality a consent judgment." (*Reed, supra,* 196 Cal. 395, at p. 399.) (Italics added.) But *Reed* does not tell us what constitutes the "other appropriate procedure" for attacking a judgment that goes beyond the terms of a stipulation of the parties.

It would seem reasonable to conclude, however, that *Reed* had in mind, in addition to an appeal from such a judgment, a collateral attack upon such a judgment—assuming that it is void on its face—and an appeal from an adverse ruling on such collateral attack. A collateral attack may take various forms such as an independent lawsuit (*Vasquez, supra,* 109 Cal.App.2d 280 (action to quiet title to property awarded to another by a void judgment); *Harwell* v. *Harwell* (1938) 26 Cal.App.2d

143 [78 P.2d 1167] (action to set aside a divorce decree found to be void in part only)), or a motion to vacate the judgment being attacked (*Michel* v. *Williams* (1936) 13 Cal.App.2d 198 [56 P.2d 546] (motion to vacate default judgment alleged to have illegally awarded costs)).

■ The key question in the case at bench is whether the error, appearing on the face of the judgment, renders the judgment void, in whole or in part, as being beyond the jurisdiction of the court, and subject to collateral attack, or simply renders the judgment erroneous —not void—but within the jurisdiction of the court, and free from collateral attack. Plaintiffs rely upon *Wells Fargo & Co.* v. *City etc. of S. F.* (1944) 25 Cal.2d 37 [152 P.2d 625] as dispositive of this question.

In *Wells Fargo,* the plaintiffs secured default judgments in their actions to recover taxes paid under protest, together with interest from the dates of payments, and costs. The default judgments were obtained some 30 years after the actions were filed and defendant had failed to file answers to the complaints. On the defendants' motions, made after the time had expired for appeal and for relief under Code of Civil Procedure section 473 (judgment taken by mistake, inadvertence, surprise or excusable neglect), the trial court set the judgments aside as void because not brought to trial within the five-year period set forth in Code of Civil Procedure section 583. The trial court proceeded on the theory that, after the expiration of the five-year period, the trial court lost jurisdiction except to dismiss the actions. On appeal from the trial court's orders setting aside the default judgments, the *Wells Fargo* court reversed the trial court's orders and held that the default judgments were not void on their face and, hence, could not be collaterally attacked after the time had expired for appeal from such judgments and for relief under section 473 of the Code of Civil Procedure.

In describing the difference between an error on the face of the record which is jurisdictional, making a judgment void and subject to collateral attack, and an error which is simply erroneous and nonjurisdictional, the *Wells Fargo* court remarked: "A mere erroneous decision on a question of law, even though the error appears on the face of the record, does not make the judgment void, if the court had jurisdiction of the subject matter and of the person of the defendant." (*Wells Fargo, supra,* 25 Cal.2d 37, at p. 40.)

In *Wells Fargo,* the trial court had awarded interest on the taxes paid from the time of payment instead of from the time of adjudication as

provided by statute. The defendant city and county contended that such award was beyond the jurisdiction of the court and made the judgment void and subject to collateral attack. The *Wells Fargo* court rejected this contention, stating: "It does not follow, however, that the court exceeded its jurisdiction in allowing the interest in question. Such a judgment is not open to collateral attack on the ground that the scope of the relief granted by the court exceeds the relief to which plaintiff is entitled under the law applicable to his cause of action." (*Wells Fargo, supra,* 25 Cal.2d 37, at p. 43.)

In the *Wells Fargo* case, the court appears to make the distinction between jurisdictional error and nonjurisdictional error depend on whether the nature or type of relief granted is completely outside the scope of the court's jurisdiction to grant, or is simply that of a grant of relief that is excessive but still is of the nature and type of relief that is within the jurisdiction of the court to grant.

In the *Wells Fargo* case, defendant city and county also attacked another portion of the default judgments as being beyond the jurisdiction of the court and, hence, void and subject to collateral attack. The judgments awarded costs to the plaintiffs. The contention was made that the applicable law did not require a city and county to pay costs. The court rejected this contention, stating: "Even if the court was without authority to award costs to plaintiff, it would not follow that the judgments are subject to collateral attack. The court had jurisdiction of the *person* and the *subject matter.* The awarding of costs is but an incident to the judgment [citations], and is therefore within the court's jurisdiction to enter the judgment. Hence the award of costs is conclusive after the judgment becomes final. [Citation.]" (*Wells Fargo, supra,* 25 Cal.2d 37, at p. 44.) (Italics added.)

The theory asserted by the California Supreme Court in the *Wells Fargo* case that, if the trial court has jurisdiction over the *person* and the *subject matter,* the granting of unwarranted relief is erroneous but nonjurisdictional—making the judgment immune from collateral attack—does not appear to be in complete accord with prior decisional law of the Supreme Court. In *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], the court indicates that the term "jurisdiction" is used in a variety of situations with different meanings. Thus, "[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an *absence* of authority over the *subject matter* or the *parties.*" (*Abelleira,*

*supra,* 17 Cal.2d 280, at p. 288.) (Italics added.) "But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations. For the purpose of determining the right to review by *certiorari,* restraint by prohibition, or dismissal of an action, a much broader meaning is recognized. Here it may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Abelleira, supra,* 17 Cal.2d 280, at p. 288.) (Italics in original.) "Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis,* are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari.*" (*Abelleira, supra,* 17 Cal.2d 280, at p. 291.) (Italics in original.)

In citing examples of the use of the term "lack of jurisdiction" in its "broader meaning," *Abelleira* states: "A court with jurisdiction over a cause may hear and determine it and give judgment, but it cannot award costs in a situation not provided by statute. (*Michel* v. *Williams,* 13 Cal.App.(2d) 198 [56 Pac.(2d) 546].)" (*Abelleira, supra,* 17 Cal.2d 280, at p. 289.) This reference to the *Michel* case by *Abelleira* must be construed as an interpretation of "lack of jurisdiction" in the *broad sense* for the employment of the extraordinary writs, to render judgments void rather than just erroneous, and hence subject to collateral attack.

In the *Michel* case, a judgment in a quiet title action awarded the plaintiff costs against a defaulting defendant corporation that failed to answer the plaintiff's complaint. Such an award of costs was contrary to the express provisions of section 739 of the Code of Civil Procedure. After the period had expired for appeal from the judgment and for relief under Code of Civil Procedure section 473, the defendant filed a motion in the trial court to vacate the default judgment against it. The trial court granted the defendant's motion and plaintiff appealed from the order. It was contended by the plaintiff that the judgment was erroneous—not void—and not subject to collateral attack. But the *Michel* court, contrary to the views later expressed by the *Wells Fargo* court, held that the portion of the judgment awarding costs against the defendant made *that portion* of the judgment a *void* judgment—not simply erroneous.

Thus, the *Michel* court stated: "The court has power to vacate an order void upon its face at any time upon its own motion or upon motion of a party. [Citation.] 'If a court grants relief, which under no circumstances it has any authority to grant, its judgment is to that extent void.' . . . 'The mere fact that the court has jurisdiction of the subject-matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted. . . . Although every exercise of power not possessed by a court will not necessarily render its action a nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question. . . .' " (*Michel, supra*, 13 Cal.App.2d 198, at pp. 199-200.)

The *Wells Fargo* court took the position that even if the trial court was without authority to award costs to plaintiff, "it would not follow that the judgments are subject to collateral attack. The court had jurisdiction of the person and the subject matter." (*Wells Fargo, supra*, 25 Cal.2d 37, at p. 44.) But the *Michel* court took a contrary view, stating: "In a proceeding in which the court is permitted to render judgment for costs an award of an excessive amount doubtless would be erroneous and not void and therefore could not be modified after the expiration of the six months' period. An award of costs against a party defaulting in a quiet title action is a 'grant of relief to one of the parties which the law declares shall not be granted' and is therefore void. The court was without authority to enter a judgment for costs against the defendant corporation and the order relieving the corporation from this part of the judgment was proper." (*Michel, supra*, 13 Cal.App.2d 198, at p. 201.)

Although *Michel* is a decision of the Court of Appeal, it was cited without disapproval in the 1941 Supreme Court case of *Abelleira* and the 1952 Court of Appeal case of *Vasquez*. The Supreme Court case of *Wells Fargo*, decided in 1944, does not refer to the *Abelleira* decision decided three years earlier. Under these circumstances, *Michel* and *Vasquez* cannot be said to be incorrectly decided because they appear to be contrary to the views of *Wells Fargo*, since they are consistent with the views expressed by the California Supreme Court in *Abelleira*.

We think the views expressed by *Abelleira* are more persuasive and are more consistent with the decided cases in giving the broader definition to the term "lack of jurisdiction" to produce a void judgment, subject to collateral attack, whenever the trial court has made a "grant of relief to one of the parties which the law declares shall not be granted." (See

*Abelleira, supra,* 17 Cal.2d 280, 286-291; *Vasquez, supra,* 109 Cal.App.2d 280, 285; *Michel, supra,* 13 Cal.App.2d 198, 201.) In such a case we deem it insufficient for jurisdictional purposes that the court has jurisdiction of the person and the subject matter.

A judgment made void for excess of jurisdiction, because of the "grant of relief to one of the parties which the law declares shall not be granted," is to be distinguished from a judgment in which the relief granted is simply in *excess of the amount* to which a party is otherwise entitled under the law applicable to his cause of action. (See *Wells Fargo, supra,* 25 Cal.2d 37, at p. 43 (interest calculated from an incorrect date).)

In the case at bench, the judgment awarded $3,205.84 as "interest on said judgment as provided by law from April 19, 1972." The judgment was not rendered or entered until August 23, 1973, some 16 months after April 19, 1972. This provision of the judgment is obviously contrary to law, beyond the jurisdiction of the court, and void. There can be no interest *on a judgment* prior to its rendition and entry. (Cal. Const., art. XX, § 22; Code Civ. Proc., § 682.2.) In the instant case, the judgment had properly included an award of prejudgment interest in the sum of $9,178.66 in conformity with the stipulation of the parties. But the interest-on-the-judgment provision, contained in the trial court's judgment, must be considered void. Therefore, it was subject to collateral attack. The remainder of the judgment in the case at bench, was in accord with the stipulation of the parties. This remainder is valid and not subject to collateral attack.

The order appealed from is affirmed except that the judgment is modified to strike therefrom the provision reading: "[T]ogether with interest on said judgment as provided by law from April 19, 1972 in the sum of $3205.84, a total judgment of $46,933.06." As so modified, the judgment is affirmed.

Each party shall bear its own costs on appeal.

Kingsley, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied August 19, 1976.