Filed 11/26/13  Olive Leaf v. Figone CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| OLIVE LEAF, LLC,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>FRANK FIGONE et al.,<br><br>　　　Defendants and Appellants. | A136624<br>(Sonoma County<br>Super. Ct. No. SCV245973) |

Frank Figone and Figone's of California Olive Oil Co., LLC (the LLC) appeal from the trial court's denial of motions to (1) vacate a judgment against them, and (2) reconsider an award of contractual attorney fees to Olive Leaf, LLC (Olive Leaf). The LLC and attorney William F. Fritz appeal from an award of sanctions in favor of Olive Leaf imposed by the trial court for bringing the motion to vacate. We affirm the denial of the motion to vacate, dismiss the appeal regarding attorney fees, and reverse the order awarding sanctions.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Olive Leaf sued Frank Figone and his sole proprietorship, Figone's of California Olive Oil Co. (collectively Figone), alleging breach of contract and other causes of action arising from Figone's failure to provide certain specialized olive oil processing equipment for which Olive Leaf had paid more than $195,000 in advance. Figone answered, generally denying the allegations. After extensive litigation and discovery disputes, the parties reached a settlement in March 2011. The settlement included a memorandum of agreement signed by the parties, a stipulation for entry of

judgment, and a stipulated judgment in favor of Olive Leaf to be entered in the event of Figone's default. Although Figone appeared in pro. per. in the lawsuit, attorney William Fritz and his law firm are designated in the settlement documents as "attorneys for" Figone. According to Figone, Fritz was his "settlement counsel" only, and was never authorized to accept service of any documents on his behalf in the litigation.

The agreement provided for Figone to make deliveries of certain items of equipment by specified dates in March, May and August 2011. In the event the delivery of bottling equipment required to be made by August 20, 2011 did not timely occur, Figone was required to pay Olive Leaf $50 per calendar day for each day not to exceed 80 calendar days from and after August 21, 2011 (i.e., until November 9, 2011) that the delivery did not occur. The funds were to be delivered to Olive Leaf's attorney, Delphine Adams, in weekly installments by 5:00 p.m. every Friday, starting on August 26, 2011. The agreement provided that Figone's "[f]ailure to make any weekly payment when due" *or* his failure to deliver the bottling equipment by November 9, 2011, *or* the occurrence of both conditions, would entitle Olive Leaf to an immediate right to enter the stipulated judgment. The stipulated judgment was to be in the principal amount of $113,000 with interest at the rate of 7.5 percent per annum from December 2, 2010, until entry of judgment, and postjudgment interest at the legal rate of 10 percent per annum until paid.

The stipulated judgment provided that it was to run against "Frank Figone, individually, Frank Figone doing business as Figone Consulting, and Frank Figone doing business as Figone's of California Olive Oil Co., and each of them." However, Olive Leaf was unaware before executing the settlement agreement that Figone had registered a new business entity with the California Secretary of State 10 days earlier—the LLC— which took over Figone's former business. Although Figone timely made the deliveries required in March and May 2011, he failed to deliver the bottling unit to Olive Leaf by August 20, 2011, and failed to make the weekly payment required to be delivered to Adams by 5:00 p.m. on Friday, August 26. The stipulation for entry of judgment provided that judgment could be entered without hearing on ex parte application by Olive Leaf after providing Figone with three days' written notice by e-mail or facsimile to

2

attorney Fritz. On Monday, August 29, Adams sent an e-mail and facsimile transmission to Fritz advising that Figone was in default. The communication stated: "This is the required 3-day notice per the Stipulation for Entry of Judgment, paragraph 4. Judgment will be entered on September 1, 2011." Notwithstanding this notification, Figone delivered cashier's checks to Adams in the amounts of $50, $250, and $350 later that afternoon, and Fritz faxed Adams a letter requesting her forbearance from seeking judgment. Fritz explained that Figone had been unable to deliver a cashier's check on August 26 due to unforeseen personal emergencies, and represented that Figone had every intention of fully performing under the settlement agreement. The letter explained that Figone's $250 check was to cover the amount due on August 26, $50 was to cover any interest due for that late payment, and the additional $350 was an advance payment for the amount coming due the following Friday. Adams responded later in the day, rejecting what she characterized as Figone's attempted " 'cure.' " Olive Leaf retained Figone's payments, however. Fritz wrote to Adams again on August 30 to dissuade her from having judgment entered, to no avail. On September 1, 2011, Adams e-mailed Fritz as follows: "Look at the Stipulation. You get 3 days notice of default. Judgment is entered without a hearing upon ex parte application supported by declarations of Plaintiff and its counsel. You were given the 3 days' notice. Judgment is now entered on application and declaration without a hearing."

Figone maintains he was ready, willing, and able to continue performance under the settlement agreement, including delivery of the bottling equipment, but he ceased further performance in reliance on his belief Olive Leaf had entered judgment against him on September 1. In fact, Olive Leaf took no further steps to apply for entry of judgment until December 23, 2011. Adams wrote to Fritz on that date advising she would be appearing ex parte on December 29, 2011 at 3:30 p.m. in department 16 of the court to apply for entry of judgment pursuant to the settlement. The letter stated in relevant part: "Mr. Figone failed to deliver any payments from and after his delivery of cashier's checks on August 29, 2011. The three checks delivered, at best, paid August 26

3

and September 2, 2011. [¶] Additionally, . . . . no bottling unit was tendered for delivery by November 9, 2011."

On December 29, Olive Leaf submitted a proposed judgment that differed from the stipulated judgment in two respects. First, it added the LLC as a judgment debtor, designating it as a successor to Figone's of California Olive Oil Co. The papers accompanying the application pointed out Figone had created the LLC shortly before executing the settlement agreement and argued the LLC was merely an alter ego of Figone's and a continuation of Figone's business, liable as a successor for its debts. Second, Olive Leaf added a provision for an award of attorney fees "per K" of $7,682.50. The moving papers and proposed judgment were not provided to Figone or attorney Fritz in advance of the ex parte proceeding, and no appearance was apparently made by either in that proceeding. The trial court eliminated the attorney fee provision without prejudice, but otherwise entered judgment as requested. Olive Leaf served notice of entry of the judgment, along with copies of the moving papers, by mail, facsimile, and electronic transmission to attorney Fritz on January 9, 2012.

On January 24, 2012, Olive Leaf filed and served (on both Figone and Fritz) a motion for attorney fees based on a provision of the settlement agreement allowing the prevailing party reasonable attorney fees if court intervention was required to enforce it. Figone opposed the motion, and the LLC "specially appeared" through attorney Fritz to bring a motion on April 5, 2012 to "quash [the] entire action" as to the LLC and to vacate the December 29, 2011 judgment either in its entirety or as to the LLC alone. The latter motion was set for hearing in June 2012. On April 25, 2012, the trial court granted Olive Leaf's motion for attorney fees of $17,747, and court costs, specifying the award was to be paid within 10 days after receipt of notice of the award. Notice of entry of that order was served on May 16, 2012. Figone timely filed a motion for reconsideration of the fee award on May 21, 2012.

On the LLC's motion to quash, the trial court set an evidentiary hearing to afford the LLC an opportunity to present evidence supporting the motion. By order entered on August 8, 2012, the trial court denied the "motion to quash and/or vacate the

4

December 29, 2011 judgment" and held "the judgment stands as to all parties." Regarding reconsideration of the attorney fee award, the court reduced the amount of costs awarded but otherwise upheld the original award and 10-day payment requirement. In addition, the court imposed sanctions against defendants in the amount of $6,004, under Code of Civil Procedure section 128.5[1] for Olive Leaf's reasonable attorney fees in opposing the motion to quash or vacate the December 29, 2011 judgment. The court found the motion to be frivolous because it was brought more than 15 days after notice of entry of the judgment was served.[2]

Figone, the LLC, and Fritz appealed from the trial court's August 8, 2012 postjudgment order on September 19, 2012.

## II. DISCUSSION

Appellants contend the trial court erred in (1) denying the motion to vacate the judgment, (2) imposing sanctions under Code of Civil Procedure section 128.5, and (3) failing to modify its attorney fee award to eliminate the requirement that the fees be paid within 10 days after receipt of notice of the award.

### A. *Motion to Vacate*

Figone raises a number of procedural and substantive issues concerning the trial court's failure to vacate the December 29, 2011 judgment. As an initial matter, we must point out that Figone failed to avail himself of the most effective means he had for raising those issues. First, Olive Leaf's December 23 notice apprised Fritz of the date, time, and

---

[1] Code of Civil Procedure section 128.5 authorizes the trial courts on proper notice to "order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (*Id*., subd. (a).)

[2] The trial court apparently relied on Code of Civil Procedure section 663a, which states in relevant part: "A party intending to make a motion to set aside and vacate a judgment, as described in Section 663, shall file with the clerk and serve upon the adverse party a notice of his or her intention, designating the grounds upon which the motion will be made . . . . [¶] . . . [¶] . . . [w]ithin 15 days of . . . service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest."

5

place of the application, as well as the fact that it was relying on Figone's failure to perform after September 1, 2011 as the grounds for its application. Yet neither Fritz nor Figone appeared on December 29 to contest entry of the judgment, despite Figone's claim that Olive Leaf had deceived him into suspending his performance by falsely representing it had already obtained a judgment against him on September 1. Had Figone appeared, he would also have been able to object to the addition of the LLC as a judgment debtor. Second, Figone had notice as of January 9, 2012 that the judgment ran against the LLC, yet he filed no papers objecting to that until nearly three months later, on April 5, 2012— only after Olive Leaf filed a motion for attorney fees under the settlement agreement. By that time, Figone's right to appeal the December 29 judgment directly had already expired. (See Cal. Rules of Court, rule 8.104(a) [time to appeal expired 60 days after Olive Leaf's service of notice of entry].) As discussed below, Figone's dilatoriness has resulted in the forfeiture of many of the issues he has attempted to raise in this appeal.

As a preliminary matter, we address Olive Leaf's claim (and the trial court's holding) that the LLC's motion to vacate was untimely under Code of Civil Procedure section 663a. The 15-day limit of section 663a by its terms only applies to motions to vacate brought under Code of Civil Procedure section 663.[3] Section 663 applies when the court "draws an incorrect legal conclusion or renders an erroneous judgment [based] upon the facts found by it to exist." (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 738.) In general, a motion to vacate under section 663 cannot properly be used to

---

[3] Code of Civil Procedure section 663 states: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. *Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts*; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. [¶] 2. A judgment or decree not consistent with or not supported by the special verdict." (Italics added.)

6

challenge a stipulated judgment. (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 13–15.) The LLC's motion in this case did not cite section 663 or rely on the argument that the December 29 judgment was inconsistent with any facts found by the trial court. The motion was based on (1) lack of notice to the LLC; (2) lack of personal jurisdiction over the LLC; (3) insufficient evidence of alter ego; (4) estoppel based on Olive Leaf's September 1, 2011 representation that it had already entered judgment under the settlement agreement; and (5) the fact the judgment went beyond the parties' stipulation. We do not find any of these grounds implicate section 663. Accordingly, the trial court's order denying the motion is not supported by section 663a.

Most of Figone's objections to the trial court's ruling on the motion to vacate are nonetheless not cognizable on this appeal for other reasons. An order denying a motion to vacate a judgment is not appealable unless the underlying judgment is void. (*311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009, 1014 (*311 South Spring*).) "A judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties. Subject matter jurisdiction 'relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Lack of jurisdiction in this 'fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] [¶] In a broader sense, lack of jurisdiction also exists when a court grants 'relief which [it] has no power to grant.' [Citations.] Where, for instance, the court has no power to act 'except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites,' the court acts without jurisdiction in this broader sense." (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691 (*Carlson*).)

While Figone uses the word "void" liberally in his briefs on appeal, he raises only two issues arguably going to the trial court's jurisdiction to enter the judgment of December 29, 2011: (1) lack of personal jurisdiction over the LLC, and (2) lack of jurisdiction to enter a different judgment than that to which the parties stipulated. The

other substantive and procedural objections he raises to the December 29 judgment and the denial of the motion to vacate—improper notice of the December 29 ex parte hearing, violation of court rules, erroneous application of the alter ego doctrine, estoppel arising from Olive Leaf's September 1, 2011 communication implying judgment had already been entered, the impermissibility of the June 2012 evidentiary hearing in lieu of a trial—do not present jurisdictional issues as construed in *Carlson*. Although these issues would have been cognizable in a timely appeal from the judgment, they may not properly be raised in a purported appeal from the denial of a motion to vacate. We therefore limit our discussion to whether the trial court had personal jurisdiction over the LLC, and the power to add the LLC as a judgment debtor.

The LLC's personal jurisdiction claim fails because the LLC entered a general appearance when it raised issues other than personal jurisdiction in its April 5, 2012 motion to vacate the December 29 judgment and in opposition to Olive Leaf's motion for attorney fees. "A defendant submits to the court's jurisdiction by making a general appearance in an action. [Citation.] A general appearance is one in which the defendant participates in the action in a manner which recognizes the court's jurisdiction. [Citation.] If the defendant raises an issue for resolution or seeks relief available only if the court has jurisdiction over the defendant, then the appearance is a general one." (*Factor Health Management v. Superior Court* (2005) 132 Cal.App.4th 246, 250.) Thus, if a party brings a motion to vacate a judgment against it for lack of personal jurisdiction under Code of Civil Procedure section 473, subdivision (d) that *raises any other issues*, that will constitute a general appearance waiving the jurisdictional issue. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2013) ¶ 3:165, pp. 3-56.2–3.56-3, citing *Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1153) Opposing a motion for attorney fees on other than jurisdictional grounds is also a general appearance. (*Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1688–1689.) The fact that a party characterizes its participation in the proceedings a "special appearance," as the LLC did here, is not controlling. (*Szynalski v. Superior Court* (2009) 172 Cal.App.4th 1, 11; *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028,

8

1037 ["Notwithstanding a 'special appearance' designation on a motion to quash, if the movant seeks relief on any basis other than lack of personal jurisdiction, he or she makes a general appearance."].)[4]

In its motion to vacate, the LLC raised numerous grounds for vacating the judgment other than personal jurisdiction, including issues concerning notice, due process, violation of court rules, insufficiency of the evidence regarding its alter ego status, and estoppel arising from the September 1 communication. It requested the court to vacate the judgment entirely, not just as to the LCC. The LLC's opposition to Olive Leaf's attorney fee motion raised the same issues and was virtually identical to the motion to vacate. The LLC went on to fully participate in the June 25, 2012 evidentiary hearing on the substantive issue of its alter ego status. In all of these respects, the LLC made a general appearance and thereby submitted to the trial court's jurisdiction.

Figone also contends the judgment is void because it was not in exact conformity with the settlement agreement and stipulation for judgment agreed to between Figone and Olive Leaf. There is no dispute the judgment entered by the trial court differed from the stipulated judgment agreed to by the parties in one respect: it added the LLC as a judgment debtor, designating it as a successor to Figone's of California Olive Oil Co. Figone relies on *Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836 (*Jones*). *Jones* indeed held that a judgment granting relief greater than that to which the parties in *Jones* had agreed by written stipulation—an award of prejudgment interest—exceeded the trial court's jurisdiction and rendered the judgment void. (*Id.* at pp. 845–848.) However, it was critical to the decision in *Jones* that the *type* of relief the trial court added to the stipulated judgment—interest on the judgment before it was rendered—was

---

[4] The LLC additionally contends it could raise other issues without making a general appearance, citing authorities pertaining to motions to quash service of summons under Code of Civil Procedure section 418.10. (See Code Civ. Proc., § 418.10, subd. (e)(1).) These authorities are inapposite. Although the LLC labeled its April 5 motion a "motion to quash [the] entire action" and referred to both section 418.10 and section 473, subdivision (b) in its moving papers, the motion was in fact and substance a motion to vacate, and we treat it as such.

9

"obviously contrary to law." (*Id.* at p. 848.) That was the reason the *Jones* court deemed the trial court's action to be void and in excess of its jurisdiction, rather than merely erroneous. (*Ibid.*) The *Jones* court specifically distinguished an award of an excessive *amount* of damages which would be erroneous, but not void, if such damages were otherwise authorized by law. (*Ibid.*; see also *311 South Spring, supra,* 178 Cal.App.4th at pp. 1016, 1018 ["a judgment that is void for excess of jurisdiction . . . include[s] a judgment that grants relief which the law declares shall not be granted"].)

We note also the court in *Jones* recognized that a judgment entered by stipulation need not include provisions of the stipulation that have been superseded by events. (*Jones, supra*, 60 Cal.App.3d at p. 841 ["The failure of the judgment to contain the provision for a year's stay of execution is without meaning since the . . . period had expired . . . ."].) This is not too dissimilar from inserting into a stipulated judgment the true name of the real defendant—which is the only alteration that the addition of a nonparty alter ego accomplishes. (*Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1072.) In any event, unlike the interest award added in *Jones*, such substitution *is* authorized by law, namely, Code of Civil Procedure section 187. (*Postal Instant Press, Inc. v. Kaswa Corp.* (2008) 162 Cal.App.4th 1510, 1517.) While the inclusion of the LLC in this case should have been requested by noticed motion *after* entry of the stipulated judgment, the trial court's error in permitting it to be done on an ex parte basis is not jurisdictional and does not render the judgment void in our view. The issue is therefore not reviewable on this appeal from the denial of the LLC's ensuing motion to vacate.[5] The LLC's motion to vacate was properly denied.

**B. *Sanctions Award***

The trial court's award of $6,004 in sanctions against the LLC and Fritz for bringing the motion to vacate was error. First, the award was made under Code of Civil

---

[5] Parenthetically, the trial court mitigated prejudice to the LLC from the improper ex parte procedure followed by granting an evidentiary hearing on the question of the LLC's alter ego status. The evidence adduced at the hearing served to confirm the identity of interests between the LLC and Figone.

Procedure section 128.5, which has no application to litigation conduct arising from suits filed after December 31, 1994. (*Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804, 807; Code Civ. Proc., § 128.7, subd. (i).) The sanctions imposed in this case did not comply with the procedural prerequisites of the applicable statute, which required a noticed motion or order to show cause proceeding. (Code Civ. Proc., § 128.7, subd. (c).) Second, the stated basis for the award—that the motion to vacate was frivolous because it was time-barred by Code of Civil Procedure section 663a—was in error for the reasons explained *ante*. Accordingly, we will reverse the sanctions award.

## C. *Denial of Motion for Reconsideration of Fee Award*

Figone moved for reconsideration of the trial court's contractual attorney fee award to Olive Leaf, in part on the ground that the provision for payment of the award within 10 days was improper. On appeal, he asserts the trial court erred by failing to eliminate that requirement. We dismiss that portion of the appeal.

An order denying a motion for reconsideration is not separately appealable. It is reviewable only on timely appeal from the original order, in this case the April 25, 2012 order awarding attorney fees. (Code Civ. Proc., § 1008, subd. (g).) Figone's time to appeal the original order, even as extended by the motion for reconsideration, expired before this appeal was filed. (Cal. Rules of Court, rule 8.108(e)(2).)

## III. DISPOSITION

The portion of the trial court's August 8, 2012 order awarding sanctions of $6,004 is reversed. In all other respects, the order is affirmed. Each side shall bear its own costs on appeal.

                                      _____

                                      Margulies, Acting P.J.

We concur:


_____

Dondero, J.


_____

Sepulveda, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, First Appellate District assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.