Filed 12/9/22 Steffenhagen v. Hyundai Motor America CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KIMBERLY M. STEFFENHAGEN, | |
| Plaintiff and Appellant, | G059703 |
| v. | (Super. Ct. No. 30-2019-01082992) |
| HYUNDAI MOTOR AMERICA, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from orders of the Superior Court of Orange County, Glenn R. Salter, Judge. Dismissed.

Law Offices of Roger E. Naghash and Roger E. Naghash for Plaintiff and Appellant.

Theta Law Firm, Soheyl Tahsildoost and Ali Ameripour for Defendants and Respondents.

\*            \*            \*

After the parties settled appellant Kimberly M. Steffenhagen's claims against respondents Hyundai Motor America and Russell Westbrook Hyundai of Anaheim ("Hyundai"), the trial court ordered Hyundai to pay Steffenhagen's counsel's fees and costs. Hyundai refused to pay until Steffenhagen's counsel provided his law firm's W-9, which Hyundai believed was required to comply with "stringent Internal Revenue Services ('IRS') guidelines." The trial court subsequently ordered Hyundai to deposit the fees and costs with the court, and ordered Steffenhagen's counsel to provide the W-9 information to the court under seal. After the court reiterated its order, Steffenhagen appealed. As discussed below, we conclude the court's orders are not appealable, and accordingly we dismiss the appeal.

I

FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, Steffenhagen filed a complaint for damages against Hyundai based on violation of the consumer warranty acts and negligent repair of a Hyundai motor vehicle she purchased. Subsequently, Steffenhagen accepted Hyundai's offer of compromise pursuant to Code of Civil Procedure section 998. In exchange for Steffenhagen's dismissal with prejudice of the entire action, Hyundai offered $38,000, and either $3,000 for fees and costs or a noticed motion seeking fees and costs. Steffenhagen accepted the $38,000 and opted to file a motion for fees and costs.

In January 2020, Steffenhagen filed her noticed motion seeking fees and costs. On January 29, 2020, the trial court ordered Hyundai to pay $3,500 in attorney fees and $705 in costs to Steffenhagen's counsel within 15 days.

Over the next several months, Hyundai refused to pay the $4,205 award of fees and costs until Steffenhagen's counsel provided a completed W-9. Steffenhagen did not provide the W-9 information and instead, among other acts, filed notices of levy and writs of execution against Hyundai. Hyundai filed a motion to quash the notices of levy and writs of execution and for an order clarifying compliance with the trial court's order

2

regarding fees and costs. Subsequently, on November 10, 2020, the trial court "ordered the fees and costs of $4,205.00 to be delivered to the court by the defendants to be held in the court's account pending resolution of the W9 issue." The court also ordered that Steffenhagen's counsel "prepare a W9 for his firm and forward to the court room clerk to be submitted as confidential and under seal." The court continued the matter to December 3, 2020.

On December 3, 2020, the court ordered Steffenhagen to comply with the prior ruling and file the W-9 under seal by December 7, 2020. That same day, Steffenhagen noticed an appeal from the orders entered on November 10, 2020, and December 3, 2020, described above. The Notice of Appeal claimed the orders were appealable as orders made after judgment.

II

DISCUSSION

We conclude the challenged orders are not appealable because Steffenhagen has not identified any appealable final judgment. (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by [statute]"].) As noted, the orders are purportedly appealable as orders made after judgment. (See Code Civ. Proc., § 904.1, subd. (a)(2) [providing that an appeal may be taken from an order made after an appealable final judgment].)[1] The record does not include a judgment of dismissal or any final judgment entered before December 3, 2020, the date the notice of appeal was filed.

The only "judgment" Steffenhagen identifies is the trial court's January 29, 2020 order awarding $4,205 in fees and costs. Steffenhagen argues this order is a "judgment" pursuant to section 680.230. Section 680.230, which is part of California's

---

[1] All further statutory references are to the Code of Civil Procedure.

Enforcement of Judgment Law (EJL) provides: "'Judgment' means a judgment, order or decree entered in a court of this state." As this court has explained, "[t]he EJL does not automatically convert every statutory minute order . . . into an enforceable judgment." (*Hyundai Motor America v. Superior Court* (2015) 235 Cal.App.4th 418, 425-426.) Specifically, a minute order "which adjudicated the amount of attorney fees to which [counsel] was entitled" was not a "final judgment." (*Id*. at p. 425.) Likewise, the January 29, 2020 minute order here awarding $4,205 fees and costs to Steffenhagen's counsel is not a final judgment.

At oral argument, Steffenhagen's counsel argued there was a final judgment because there was nothing left to resolve in the case after the trial court denied Steffenhagen's attempts to recover on the fee award, including taking her request for a judgment debtor examination off calendar in May 2021. Those court orders, however, occurred after December 3, 2020, and thus cannot constitute the final order or judgment that predated challenged orders. Because there was no appealable judgment entered before December 3, 2020, there was no basis to appeal the challenged orders under section 904.1, subdivision (a)(2), as postjudgment orders.[2]

Steffenhagen's reliance on *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644 (*Lakin*), and *Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836 (*Jones*), is misplaced. In those cases there were appealable final judgments entered before the challenged orders. (See *Lakin*, *supra*, 6 Cal.4th at p. 649 [appeal from orders denying motion for fee and prejudgment interest made after "[t]he jury found for plaintiff" and "[a]fter entry of judgment"]; *Jones*, *supra*, 60 Cal.App.3d at p. 839 ["trial court's order denying a motion, made after judgment, to vacate and quash a levy of

_____

[2]  Hyundai asserts the appeal must be dismissed as moot because, as Steffenhagen acknowledges, the trial court subsequently released the funds held in the court's trust account to Steffenhagen's counsel without requiring submission of the W-9 information. We need not address mootness because we have concluded the challenged orders are not appealable.

4

execution and to vacate the judgment as being void is an appealable order"].) In sum, the appeal must be dismissed.[3]

## III

### DISPOSITION

The appeal is dismissed. Hyundai shall recover costs on appeal.

MARKS, J.*

WE CONCUR:

O'LEARY, P. J.

MOTOIKE, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[3] In her appellate briefing, Steffenhagen also challenges several court orders that occurred after the notice of appeal was filed, including the May 2021 order taking her request for a judgment debtor examination off calendar. We decline to address the merits of these claims because they involve matters outside the scope of the notice of appeal, even construed broadly. (See *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967 ["While a notice of appeal must be liberally construed, it is the notice of appeal that defines the scope of the appeal by identifying the particular judgment or order being appealed"].)